THE PEOPLE, *ex relatione* Werckmeister, *vs.* THE JUSTICES OF THE SUPERIOR COURT OF THE CITY OF NEW-YORK.

On the denial of a motion in a subordinate court to set aside a report of referees, the party conceiving himself aggrieved is entitled to a review by writ of error of all questions of *law* involved in the decision, but not of questions of *fact ;* as to the latter the decision of the court of original jurisdiction is as final and conclusive as it is on a motion to set aside the verdict of a jury as against evidence.

This court has power by *mandamus* to require a subordinate court to settle a case after the denial of a motion to set aside the report of referees, so as to enable the party to bring error ; but not to direct what facts shall be inserted in the case.

MANDAMUS. Abraham Ackerman and another brought an action of assumpsit against the relator in the superior court of New-York, in which there was a report of referees in favor of the plaintiffs, which the court, on motion, refused to set aside, and rendered judgment for the plaintiffs. The relator sued out

a writ of error, and the court below settled a state of facts to be inserted in the record, with a view to the questions of law, which the relator desired to review on error. He now insists that the court in settling the case, has not drawn the proper conclusions of fact from the evidence which appeared before the referees, and moves for a mandamus to the judges of the court below, requiring them to correct the case in several particulars, which it is not material to specify.

*S. Stevens,* for the relator.

*J. L. Wendell,* contra.

*By the Court,* BRONSON, J.   When a motion is made to set aside a report of referees, the evidence upon which they decided is very commonly set out at large for the consideration of the court in which the action is pending. On a review of that evidence, if the case involves the necessity of reviewing it, the court first determines what conclusions of fact the referees were warranted in drawing from the evidence, and then disposes of any questions of law which may arise out of the facts thus ascertained. The court examines the evidence in such cases, upon the same principle that it examines the evidence given to a jury, where a motion is made to set aside a verdict. If the motion to set aside the report is denied, the party who thinks himself aggrieved, may, according to the modern practice, have a review by writ of error as to all questions of *law* involved in the decision, but not as to questions of *fact*. The decision of the court of original jurisdiction upon questions of fact, is just as final and conclusive, where a motion is made to set aside a report of referees, as it is on a motion to set aside the verdict of a jury. It cannot be reviewed in another forum. On a writ of error, the court can only examine questions of law.

When a re-hearing has been denied, if the party wishes to bring error, a case, or statement of the facts, must be prepared and inserted in the judgment record. The case is drawn up and settled under the direction of the court in which the action is pending. In relation to objections taken before the referees to

the admission or rejection of evidence, it is in the nature of a bill of exceptions; but in relation to disputed facts, it is in the nature of a special verdict. The case should not contain *the eviuence* given before the referees, but only *the conclusions of fact* which the court has drawn from that evidence. *Reed* v. *Rensselaer Glass Factory*, 3 *Cowen*, 387. *Feeter* v. *Heath*, 11 *Wendell*, 477. *Melvin* v. *Leaycraft*, 17 *Wendell*, 169. For the purpose of giving a review, the court is obliged to put itself in the place of a jury, and say what conclusions of fact the referees were warranted in drawing from the evidence. Those conclusions are in the nature of a special verdict, which must find, not the evidence of facts, but the facts themselves. When a case is thus settled and inserted in the record, the questions of law arising out of it may be reviewed by writ of error.

If we cannot directly, by writ of error, review a decision upon questions of fact, it follows, I think, that we cannot do the same thing indirectly, by requiring the court below to insert any particular state of facts in the record. We may, perhaps, require a subordinate court to settle a case on the principles I have mentioned; but we cannot undertake to control the court as to what facts in particular the case shall contain. By doing so, we should assert the right, and that too by mandamus, of reviewing the decision of a subordinate court upon mere questions of fact. That is a jurisdiction which we do not possess.

It is said that the case may be improperly settled, and that the parties should have some means of correcting it. But if we should under.ake to settle the case, the same remark would apply with equal force. We too may fall into error. The answer to the argument is, that this is one of the many questions upon which the decision of the court of original jurisdiction is final, and cannot be reviewed in any form. When the judges of that court have exercised their judgment and discretion in the settlement of a case, there is an end of the question.

In the case at bar, the state of facts was in the first instance drawn up under the direction of the chief justice of the superior court. The case was then re-examined and amended on argu-

ment before all the judges. Whether we should have settled the facts as they now appear if the action had been brought originally in this court, is a question which we are not called upon to decide. We are all of opinion that a mandamus cannot be awarded.

Motion denied.