## COURT OF APPEALS, MARCH TERM, 1849.

### STURGIS vs. MERRY.

An appeal will not lie to this Court to review a judgment upon a report of referees upon a *case* containing merely the *evidence* before the referees, and the same used before the Supreme Court.

A case (in the nature of a bill of exceptions and special verdict,) should be settled by the Supreme Court, and inserted in the record, stating *facts* and not the mere *evidence* of facts, so as to present nothing but questions of law to the appellate court. (11 Wend. 417; 17 Wend. 169; 20 Wend. 663.) The code has not altered the former, (*Livingston* v. *Radcliff*

*and others*, ante, page 417,) practice as to the mode of reviewing cases of this kind in an appellate court. (See *Wright* agt. *Douglass*, ante, page 418.)

*Assumpsit.*—The cause was referred to a sole referee, who reported in favor of the Plaintiff. The Defendant made a case containing the *evidence* before the referee, and moved the Supreme Court to set aside the report. The court denied the motion, and gave judgment for the Plaintiff. The Defendant appealed to this court, and brought up the same case which was used on the motion in the Supreme Court.

H. J. SEDGWICK, *for the Appellant*, was about opening the argument on the merits, when

G. F. COMSTOCK, *for the Respondent*, objected that there was no case upon which the decision of the Supreme Court could be reviewed.

THE COURT held that the code had not altered the former practice as to the mode of reviewing cases of this kind in an appellate court. A case should have been settled by the Supreme Court, and inserted in the record, stating *facts*, and not the mere *evidence* of facts, so as to present nothing but questions of law to the appellate court. As to questions decided by the referee in receiving or rejecting evidence, and the like, the case is in the nature of a *bill of exceptions;* and as to the merits, it is in the nature of a *special verdict*, which must find facts, and not the mere evidence of facts. (11 Wend., 417; 17 Wend., 169; 20 Wend., 663.) The court refused to entertain jurisdiction, and dismissed the appeal.