Filed Oct. 30, 1883.

———————

No. 9814.

DILLMAN ET AL. *v.* CROOKS ET AL.

HIGHWAY.—*Public Utility.*—*Witness.*—*Opinion.*—The opinion of a witness as to the public utility of a proposed highway, is not admissible in evidence under any circumstances.

SAME.—*Practice.*—*Appeal.*—On appeal from an order of the board of county commissioners establishing a highway, a motion to set aside the proceedings of the board is unwarranted and useless.

SAME.—*Petition.*—*Uncertainty.*—*Arrest of Judgment.*—Uncertainty in a petition for a highway as to the names of owners of lands affected, is no cause for arrest of judgment on appeal in the circuit court.

From the Cass Circuit Court.

*M. Winfield, F. Swigart* and *Q. A. Myers,* for appellants.

*J. C. Nelson* and *D. Turpie,* for appellees.

FRANKLIN, C.—Appellees at the September term, 1879, of the board of commissioners of Cass county filed a petition for the location of a certain highway.

Appellants appeared in the case on the first day of said term, and by the agreement of parties the cause was set down for hearing on the 18th day of September, 1879, at which time the parties appeared, and appellants filed written objections to the granting of the petition, among which was that the road was not of public utility.

The objections were overruled and viewers were appointed; and on the 23d day of October, 1879, the record says, "at a regular session of the board of county commissioners of said county," the viewers filed their report in favor of the public utility of the road. At which time appellants did not appear and no objections were made to the report. The court accepted and approved the report, and ordered the road to be established of the width of thirty feet.

On the 27th day of October, 1879, appellants appeared before the auditor, filed bond and appealed the case to the circuit court. In which bond they stated their objections to the proceedings of the board.

At the September term, 1880, of the circuit court, appellants filed an answer, alleging the insufficiency of the several papers in the case and the irregularity of the proceedings therein before the board of commissioners, which answer was verified.

At the February term, 1881, of said court, appellants, William H. Dillman and Leffel, filed separate remonstrances, claiming damages. At which term there was a trial before a jury, and a verdict returned in favor of the plaintiffs, and that the road was of public utility; that Dillman would be damaged $65.00 and Leffel $60.00.

Appellants moved for a new trial, which was overruled, and judgment was rendered upon the verdict. An appeal was taken to this court and a number of specifications of error have been assigned, among which is the overruling of the motion for a new trial, which states various reasons. The third of which is: "Error of law occurring at the trial and excepted to by the defendants as follows:" Then follow a number of specifications, in which the plaintiffs, while examining their witnesses upon the trial, asked a number of them whether the road in controversy was a road of public utility, and the witnesses answered that it was. Some of the witnesses were asked to give their opinion upon the utility of the road upon the facts in their knowledge or testified to;

others were asked to state their opinions without reference to any reasons. Which questions and answers were at the time objected and excepted to by appellants.

It is insisted by appellees' counsel that these questions and answers can not be considered by this court for the reason that the bill of exceptions, embracing them, was not filed in time.

The cause was tried at the February term, 1881, and on the 19th day of March, 1881, within said February term, leave was given to file bills of exceptions within ninety days. The motion for a new trial was continued until the next term. At the next term, to wit, on May 28th, 1881, the motion for a new trial was overruled. A motion for a *venire de novo* was overruled. A motion in arrest of judgment was also overruled, and judgment rendered upon the verdict, and ninety days were then given in which to prepare and file additional bills of exceptions. Various other motions were made to modify judgment, tax costs, etc., which need not be further noticed.

The bill of exceptions No. 5, embracing the evidence above objected and excepted to, was signed by the judge and filed on the 6th day of June, 1881, within the ninety days given at the term of the trial.

The general bill of exceptions, embracing the evidence given on the trial of the cause, was signed and filed July 7th, 1881.

This was not within the time allowed at the term of the trial, but was within the time allowed at the term when the motion for a new trial was overruled; and while only the sufficiency of the evidence to sustain the verdict can be considered under the general bill of exceptions, these special questions may be considered under the special bill of exceptions No. 5.

As to the question of the admissibility of this testimony, we deem it unnecessary to enter into an extended examination and discussion of it, for the reason that this court has, very recently, in a well considered case, directly decided the

question, by unanimously holding that such testimony was not admissible, and that its admission is sufficient error to reverse the judgment. See the case of *Loshbaugh* v. *Birdsell,* 90 Ind. 466, and authorities therein cited.

There was no error in overruling the motion to set aside the proceedings before the board of commissioners. They were set aside by the appeal to the circuit court, where the issues had to be tried *de novo. State, ex rel.,* v. *Brewer,* 64 Ind. 131. And we think there was no error in overruling the motion in arrest of judgment. The petition was, at least, sufficient after trial. The uncertainty as to the names of the owners of the land through which the proposed road was to run, might have been remedied by a motion to make more specific, but can not be reached by a motion in arrest of judgment.

The learned counsel, in their briefs, have very ably presented a number of other questions, but, as they may not arise upon a subsequent trial, and the judgment must be reversed for the error in admitting illegal testimony, we think it unnecessary to investigate and decide these additional questions.

The judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs, and that the cause be remanded, with instruction to the court below, to sustain appellants' motion for a new trial and for further proceedings.

Filed Oct. 30, 1883.