Wells *et al. v.* Rhodes *et al.*

Filed May 9, 1888.

———◆———

No. 13,151.

## WELLS ET AL. *v.* RHODES ET AL.

HIGHWAY.—*Proceedings to Locate.—Appearance.— Waiver.*—A party who appears before the board of commissioners in a highway proceeding, and fails to make objections there, will be deemed to have waived all defects and irregularities except such as render the proceedings wholly void.

SAME.—*Petition.—Description.—Names of Owners of Land.*—It is not necessary that the petition for a highway should set out a description of each separate tract of land, with the name of the owner.

SAME.—*Point of Commencement.*—The point of commencement of a high-
way is sufficiently designated by the following description : " Beginning
at the signboard situate on the north line of the N. E. quar. of section
17, in township 1 north, and range 2 west, where the Paoli and Hays-
ville road intersects the Pinnick Ferry road, running thence," etc.

SAME.—*Remonstrance.— Resident Freeholders.— Public Utility.*—Where a re-
monstrance does not show on its face that the remonstrants are resident
freeholders of the county in which the highway is to be located, or
where it alleges merely that the highway will " not be of *sufficient* pub-
lic utility," it may be struck out.

SAME.—*Circuit Court.— Power to Compel Correction of Commissioners' Record.*
—The circuit court has no power to compel the board of commissioners,
by an order against the board and the county auditor as its clerk, to
correct its record so as to show an offer on the part of the appellant to
file an amended remonstrance.

SAME.—*Amendment of Remonstrance.*—It is not error for the circuit court to
refuse to allow a party to amend his remonstrance, which has been re-
jected by both the board of commissioners and the circuit court, unless
a reason is shown why the amendment was not made in the commis-
sioners' court.

From the Orange Circuit Court.

*J. L. Megenity* and *W. H. Martin,* for appellants.

*G. A. Bicknell, W. Farrell* and *W. J. Throop,* for appellees.

MITCHELL, C. J.—This was a proceeding for the location,
of a highway, commenced before the board of commissioners
of Orange county, and taken thence by appeal to the Orange
Circuit Court.

The appellants, Wells, Andrews and Scarlett, appeared be-
fore the board, and, without making any objection to the pe-
tition or notice, remonstrated against the proceedings, on the
ground that the proposed road, if established, would pass
over and greatly injure certain real estate owned by them,
and on the further ground that the proposed highway would
not be " of sufficient public utility."

On motion, the remonstrance was rejected by the commis-
sioners, and, upon the favorable report of viewers regularly
appointed, an order was made establishing the highway.

Upon appeal to the circuit court the remonstrance was re-

filed, and, on motion, so much of it as challenged the public utility of the proposed highway was again rejected. The cause was tried upon the issue presented by the remonstrance for damages, with the result that there was a finding in favor of the public utility of the proposed highway, and an award of one hundred dollars damages to Wells and Andrews, two of the remonstrants.

It is well settled that, when an appeal is taken from the order or decision of a board of commissioners in highway or other like proceedings, only such issues can be tried in the circuit court as were made before the board, except so far as the issues presented in the first instance 'may be varied by proper amendments under the rules of law. *Green* v. *Elliott*, 86 Ind. 53; *Forsythe* v. *Kreuter*, 100 Ind. 27; *Breitweiser* v. *Fuhrman*, 88 Ind. 28; *McKee* v. *Gould*, 108 Ind. 107; *Washington Ice Co.* v. *Lay*, 103 Ind. 48; *Hardy* v. *McKinney*, 107 Ind. 364.

Where, however, the petition is totally insufficient, so as to form no basis for the proceedings or foundation for the action of the board, an objection thereto would be fatal at any stage. *Breitweiser* v. *Fuhrman, supra,* and cases cited.

Mere uncertainties in the petition, such as do not render the proceedings void, and which might have been remedied at the proper time by a motion to make more specific, will not afford sufficient ground for a motion to arrest the judgment or dismiss the petition. *Dillman* v. *Crooks*, 91 Ind. 158; *Watson* v. *Crowsore*, 93 Ind. 220.

A party who appeared before the board, and who failed to make objections there, will be deemed to have waived all defects or irregularities in the proceedings, except such as render them wholly invalid.

In the present case, the remonstrants moved to dismiss the proceedings, in the circuit court. They also moved in arrest of judgment. Both motions present substantially the same question. The grounds for the motion in arrest were, in effect, that the description of the proposed highway, as contained in

the petition, in respect to the commencement, course and termination thereof, was too vague and uncertain, and that the petition failed to disclose the name of the owner of each several and separate tract of land over which the highway was to be laid.

Concerning the ground last stated, it is sufficient to say, no such particularity as setting out a description of each separate tract of land, with the name of the owner, is required; and if it were, while the failure to comply with such a requirement might be ground for a motion to make the petition more specific, it would afford no sufficient cause for the arrest of the judgment. *Dillman* v. *Crooks, supra.*

The chief objection to the description of the highway relates to the point of commencement. This is described as follows:

" Beginning at the signboard situate in the north line of the N. E. quar. of section 17, in township 1 north, and range 2 west, where the Paoli and Haysville road intersects the Pinnick Ferry road, running thence," etc.

As applicable to the question presented, the established rule was well stated in the recent case of *Adams* v. *Harrington, ante,* p. 66, as follows: " Technical accuracy is not necessary in the description of a proposed line of road. It is enough that the general description shall be such that a surveyor can, with the assistance of the points definitely named, trace and designate the proposed route."

The opinion quoted from covers and disposes of all the objections to the description in the present case so completely and decisively that further elaboration becomes unnecessary. See, also, *McDonald* v. *Payne, ante,* p. 359.

It will be seen that the point of commencement, as above given, was designated by monuments such as are well recognized, and, within the rulings above referred to, the whole description was unobjectionable.

The remonstrance, so far as it sought to call in question

the public utility of the highway, was properly rejected, for two reasons :

1. It did not show on its face that the remonstrants were resident freeholders of Orange county.

2. Instead of remonstrating against the establishment of the highway as not being of public utility, the averment in that regard was that the proposed highway would "not be of *sufficient* public utility."

Section 5023, R. S. 1881, confines the right to object to the location of a highway, in respect to its public utility, to resident freeholders of the county in which the proposed highway is to be located.

The statute seems to have been enacted upon the assumption that, if the freeholders of the county were content, others should hold their peace upon the subject of public utility. To the end, therefore, that a remonstrance on that account may be sufficient, it is essential that it should affirmatively appear on the face thereof that the remonstrants have the statutory qualifications. "The reason is the same respecting things which do not appear as to those which do not exist."

The averment that the proposed highway would "not be of *sufficient* public utility" is a negative pregnant, and is equivalent to an admission that it would be of public utility.

Pending the proceedings in the circuit court, the appellants moved the court for an order on the board of commissioners, and the auditor as clerk thereof, to so correct its record and transcript as to show an offer, made before the board, on the part of the defendants to file an amended remonstrance on the subject of public utility. This motion is supported by affidavits. The overruling of this motion is complained of.

The circuit court had no power to compel the board of commissioners to correct its record in the manner proposed. If the commissioners' record did not speak the truth, the only method by which it could have been corrected was by

an application to the board of commissioners for that purpose. An appellate court may order a full and complete transcript of the record, but it has no power to compel an inferior court to correct its record, by an order made on appeal. There was, therefore, no error in overruling the motion.

After the remonstrance had been rejected by the commissioners, and after the circuit court rejected so much of it as related to the subject of public utility, the appellants asked leave of court to amend the remonstrance so as to make it appear therein that they were resident freeholders of Orange county, and that the highway proposed would not be of public utility. This was refused. There was no reason shown why the amendment was not made or proposed in the commissioners' court. There was, therefore, no error in the ruling of the court.

The remonstrance as originally filed was a nullity, in respect to the subject of public utility, and it was not competent for the appellants to lie by, without any remonstrance on that subject, until the case came to the circuit court on appeal, and then ask to make an issue that had not been presented before the board.

The case is not within the ruling in *Breitweiser* v. *Fuhrman, supra.* There was no showing accompanying the offer to file an amended remonstrance as to what actually occurred before the board.

The judgment is affirmed, with costs.

Filed May 9, 1888.