Filed June 22, 1889.

---

No. 13,436.

## WHITE v. BURKETT ET AL.

MANDAMUS.—*Jurisdiction.*—*Inferior Court.*—*Correction of Record.*—A writ of mandate may not be issued by the circuit court to compel a county auditor to correct an erroneous description of land appearing in the records of the board of county commissioners in a drainage proceeding had before such board.

SAME.—*Proper Remedy.*—*Appeal.*—In such case the proper remedy is by an application to the board of commissioners, and the circuit court can only acquire jurisdiction by appeal from the judgment of the board.

From the Cass Circuit Court.

*D. B. McConnell* and *S. T. McConnell,* for appellant.
*J. C. Nelson* and *Q. A. Myers,* for appellees.

MITCHELL, J.—White complained, in the Cass Circuit Court, of Burkett and others, and alleged that in the course of a proceeding instituted and carried on before the board of commissioners of Cass county, for the location and establishment of a ditch, the viewers had erroneously, and by oversight and mistake, described a certain tract of land as the " northwest quarter," instead of the " southwest quarter," of section, etc., and that the *error* thus made by the viewers had been carried through all the subsequent proceedings.

The plaintiff alleges that he constructed the work that was apportioned to the owner of the land, under a contract duly let by the county auditor, and he asks the court, by its mandate, to require the county auditor to correct the record of the board of commissioners in the respects mentioned, and, when so corrected, to place the amount due him on his contract on the proper tax duplicate against the land.

The power of courts to correct their records, so as to make them speak the truth, is well established, and rests upon sound reasons of public policy.    But it is equally well settled that a mandate will be refused where it is asked for the purpose of compelling the court to which it issues to alter its record so as to correspond with the state of facts which it is proposed to establish in some other tribunal.    High Ex. Leg. Rem., section 154. It is the peculiar province of every court to control its own records, or at least to have the first opportunity to do so.    A superior court can not undertake to control the records or action of an inferior court by mandamus. *People* v. *Superior Court,* 20 Wend. 663 ; *Ex Parte Ostrander,* 1 Denio, 679 ; *Ex Parte Koon,* 1 Denio, 644.

A mandamus may issue to an inferior court, directing it to proceed according to law ; but it can not be compelled to do a particular thing.

As was said in *Wells* v. *Rhodes,* 114 Ind. 467 : " If the commissioners' record did not speak the truth, the only method by which it could have been corrected was by an application to the board of commissioners for that purpose." *Jenkins* v. *Stetler,* 118 Ind. 275.

The auditor had no power to correct the report made by the viewers, nor was it his province to interfere with the record of the board of commissioners after it had been duly signed, except, possibly, to correct any misprision, or mere clerical error, committed by himself; and what he had no power to do voluntarily, the circuit court could not compel him to do by its mandate. We have no doubt of the power of the board of commissioners to correct its record, so as to make it conform to what actually took place. The landowner, who has received the benefit of the plaintiff's work, is in no position to object, after the work which he neglected to do has been completed by another. *Prezinger* v. *Harness,* 114 Ind. 491.

If notice was given, and work apportioned to the land actually intended to be described has been done, a liberal policy of amending the record to correspond with the facts should be applied, to the end that justice may be accomplished. A proper application or proceeding to that end must be instituted before the board of commissioners, and can only come under the jurisdiction of the circuit court by appeal.

There was no error.

The judgment is affirmed, with costs.

Filed June 20, 1889.