In re OMITTED ASSESSMENT AGAINST STOCKHOLDERS OF COMMERCIAL NAT. BANK OF MUSKOGEE.
STATE v. STOCKHOLDERS OF COMMERCIAL NAT. BANK OF MUSKOGEE.

No. 17157. Opinion Filed June 28, 1927.

(Syllabus.)

1. Taxation—Assessment of Banks—Statutory Provision.

Under section 9607, C. S. 1921,

"Every bank located within this state, * * * shall be assessed and taxed upon the actual value of the shares of stock therein, * * * less such portion thereof as is invested in real estate situated in this state, which may be separately assessed and taxed."

2. Taxation—Statutory Duties and Powers of County Board of Equalization—Appeals from Decisions.

By section 9671, C. S. 1921, a board of equalization is created for each county, to be composed of the county commissioners, and the county assessor thereof, who shall be secretary of such board; it also defines the duties and powers of such board, among which is authority to raise, lower and adjust individual assessments, fixing same at their fair cash value, to add omitted property to the assessment rolls, to cancel assessments of property not taxable, and also provides that an appeal may be taken from the final action of said board as provided by law.

3. Same—Time for Appeals to Courts—Finality of Decisions not Appealed from.

Section 9675, Id., provides that such appeals may be taken from the decisions of the board of equalization to the district or superior court of the county; that such appeals must be taken within 30 days after adjournment of the board, and that no matter shall be reviewed on appeal which was not presented to the board appealed from.

Held, that the decisions of such boards become final unless appealed from.

Error from County Court, Muskogee County; Wm. A. Kelley, Judge.

Proceeding by the State, initiated by the tax ferret of Muskogee County. against the stockholders of the Commercial National Bank of Muskogee to have bank stock extended upon the tax rolls. From adverse

judgment of county court upon appeal from decision of county treasurer, the State brings error. Affirmed.

S. H. Lattimore, Co. Atty., and R. W. Stoutz, for plaintiff in error.

Linebaugh & Pinson, for defendants in error.

HARRISON, J. This appeal is from the judgment of the county court of Muskogee county, denying the application of the tax ferret of said county to extend upon the tax rolls thereof certain capital stock of defendant bank, alleged by the tax ferret to have been omitted from the assessment rolls.

In September, 1925, the tax ferret of said county filed information with the county treasurer, alleging that certain personal property, the capital stock of two banks; viz., the Commercial National Bank and the Exchange National Bank of Muskogee, had not been assessed for taxes for the year 1924, and had been omitted from the assessment rolls for said year, and asked that proper notice be given, and upon final hearing that said property be extended upon the tax rolls. On the 21st of September, pursuant to notice given, all parties being present, the county treasurer, after hearing, declined to extend such property upon the assessment rolls and dismissed the proceedings. Thereupon the tax ferret appealed to the county court of said county, and on December 15th, thereafter, the county court rendered judgment, refusing to extend the property involved upon the tax rolls and denying the application, and from such judgment this appeal is prosecuted.

It appears that in January, 1924, each of said banks had rendered a list of its assessable property to the assessor of said county for the year 1924, and that the list of property thus rendered was extended upon the tax rolls for that year by the county assessor. Thereafter, on March 15, 1924, the two banks were merged, the Commercial National Bank acquiring the assets and assuming the liabilities of the Exchange National Bank.

After the merger it developed that the real estate listed by the Exchange National Bank was valued at $235,470, and the real estate of the Commercial National Bank valued at $181,421, making a total of $416,897. The entire capital, surplus, and profits of the Commercial National Bank after the merger was $376,100. The value of the real estate thus owned by the Commercial National Bank after the merger exceeded the value of its capital stock by the difference between $416,897 and $376,100, which was $40,797.

Thereafter, in June, the Commercial National Bank applied to the board of equalization of said county for a correction and adjustment of the assessment rolls pertaining to the bank property, claiming that under the provisions of section 9607, Comp. St. 1921, its capital stock should be assessed upon the value of its capital stock, less such portion thereof as was invested in real estate situate in this state, and as the amount invested in real estate exceeded the value of the capital stock, and as all of such real estate had been separately assessed, the capital stock should be credited with the assessable value of the real estate, for, to assess both the capital stock and the real estate, would be double taxation. Said section 9607, C. O. S. 1921, is as follows:

"9607. Every bank located within this state, whether such bank has been organized under the banking laws of this state, or any other territory or state, or of the United States, shall be assessed and taxed upon the actual value of the shares of stock therein, * * * less such portion thereof as is invested in real estate situated in this state, which may be separately assessed and taxed."

After a hearing in the matter, the board of equalization gave credit on the assessment rolls for the assessable value of the real estate, thus leaving it to appear that the capital stock itself had been entirely omitted from the assessment rolls.

No exceptions were taken, nor appeal taken, from the action of the board, and the assessment rolls thus adjusted were extended upon the tax rolls and turned over to the county treasurer for collection.

In September, 1925, the tax ferret applied to the county treasurer, as aforesaid, to have the value of the capital stock of said bank extended upon the tax rolls for 1924 as omitted property, with the result heretofore stated.

The principal question, in fact, the decisive question involved, is whether the decision and action of the board of equalization in adjusting and correcting the assessment rolls, not having been appealed from as provided in section 9675, C. S. 1921, became final. Said section is as follows:

"9675. Appeals may be taken from all county boards of equalization to the district or superior court of the county wherein the assessment is made within 30 days after the adjournment thereof, and to the Supreme Court, if from the state board within 60 days after the adjournment of such board, but not afterwards. Provided, that no matter shall be reviewed on appeal which was not presented to the board appealed from; and, pro-

vided, further, that every appeal shall state specifically the objections to the assessment and the relief sought. Provided, further, that appeals may be taken from the district or superior courts to the Supreme Court as provided by the Code of Civil Procedure."

Section 9671 creates a county board of equalization, to be composed of the county commissioners, the county assessor to be secretary of said board, and provides that it shall meet at the county seat on the first Monday of June of each year, for the purpose of equalizing taxes over the county, and for notice of such meeting to be given ten days prior thereto, and for adjournment from day to day until the assessment rolls shall be completed and turned in by the assessor, and that any person aggrieved with the assessment of his property shall have the right to appear before such board for the purpose of having the assessment of his property adjusted, and further provides that complaints against assessments shall be corrected and adjusted accordingly, and that an appeal may be taken from the final action of the board, and that said board shall have the authority to raise, lower, and adjust individual assessments.

Section 9675 provides that appeals may be taken from the county board of equalization to the district or superior court of such county within 30 days after the adjournment of the board of equalization, and provides that no matter shall be reviewed on appeal which was not presented to the board appealed from.

These statutes were before this court, and construed and passed upon. in Hopper v. Oklahoma County, 43 Okla. 288, 143 Pac. 4, wherein the court passed squarely upon the nature of the powers conferred upon such board and the question of finality of the acts of such board unless appealed from, holding:

"The board of county commissioners are constituted ex officio the county board of equalization, of which board the county assessor is the secretary. In section 11, c. 152. Sess. Laws 1910-11, are found the powers and duties of such board; they not only equalize taxes over the county, but they have the power to raise, lower, and adjust individual assessments and to fix the valuation of the property at its fair cash value, etc. Now. in order to find the fair cash value to be placed upon property for the purpose of taxation. this board may hear evidence both for and against the individual complaining; from this evidence they ascertain the facts and apply thereto the law, decide the controversy and. in effect, render judgment; their action is final unless appealed from,

and cannot be collaterally attacked; in so doing they have exercised judicial power, thereby performing a judicial act. In the performance of their duties they exercise both administrative and judicial functions. The county equalization board is a quasi judicial body, and by reason of the judicial character of a part of the duties to be performed by the county board of equalization, they are, no doubt, such a board as is contemplated by section 1, article 7, of the Constitution."

Section 1, art. 7, of the Constitution, referred to in the above opinion, is as follows:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

The Legislature is thus authorized to vest commissions and boards with judicial powers, and by said act has vested county boards of equalization with judicial powers and provided for appeals from their decisions, and for the time within which such appeals shall be taken.

And in Hopper v. Oklahoma County, supra, this court held that:

"Their action is final unless appealed from, and cannot be collaterally attacked."

Hence, the action of the board of equalization in adjusting the assessments of the defendant in error became final when not appealed from.

We have no means of knowing here, except by inference, just what facts and circumstances and questions were passed upon and determined by the board of equalization, when this matter was before it. The statute, section 9607, supra, provides that banks shall be assessed and taxed upon the actual value of the shares of their stock, less such portion thereof as is invested in real estate, which may be separately assessed and taxed. The board of equalization gave credit on the total value of the capital stock, after the merger, for the total value of the real estate, after the merger. Had their decision been appealed from and a transcript of their proceedings brought here on appeal, we might determine whether or not there was error in the board's decision, but in the absence of such appeal, we are not authorized to review their proceedings. The statute, section 9675, supra, very plainly says:

"That no matter shall be reviewed on appeal which was not presented to the board appealed from."

Plaintiff in error complains that the board of equalization acted upon and held a hearing in such matter upon a mere letter from defendant bank, which was afterwards withdrawn, but said section 9671 does not provide any particular means or method of procedure to be followed by a complaining party, but provides that:

"Any person who may think himself aggrieved by the assessment of his property shall have the right to appear before the board for the purpose of having the assessment of his property adjusted. Complaints against assessment shall be determined by the board in a summary manner, and the assessor's list shall be corrected and adjusted accordingly."

Plaintiff in error cites a number of decisions of this court to the effect that boards of county commissioners are not judicial tribunals, with power to interpret statutes, but we note that in each decision cited by plaintiff in error the court passed upon the powers of boards of county commissioners, as such, and not upon the powers of boards of equalization as distinguished from boards of county commissioners. Hence, the authorities cited are not applicable.

The decision in Hopper v. Oklahoma County, supra, passes upon the identical statute involved here, and upon the identical question presented here. Said decision has never been modified, so far as we have been able to find, and in our opinion should not be modified. And as we deem it controlling on the questions presented here and decisive of the case, we conclude that the judgment of the county court should be affirmed.

Affirmed.

All the Justices concur.

Note.—See under (1) 37 Cyc. p. 1033. (2) 37 Cyc. pp. 1086, 1087, 1089, 1091, 1094, 1114. (3) 37 Cyc. pp. 1108 1115 1116, 1118.