BOARD OF COMMISSIONERS OF MARION COUNTY *v.*
POWELL ET AL.

[No. 26,864. Filed October 26, 1937.]

*Linder & Seet,* for appellant.

*Noel, Hickam, Boyd & Armstrong, Rae W. Powell* and *Othniel Hitch,* for appellees.

ROLL, J.—Appellees filed this proceeding before appellant board for an entry *nunc pro tunc* in the records of the Board of Commissioners of Marion County. The proceeding grew out of a claim of appellees for compensation for services as election commissioners of Marion County for the year 1934. The record of the board of commissioners did not show that they had fixed the compensation of the election commissioners for the year 1934, but the application filed by appellees herein alleged that the said board did in fact fix said compensation at the sum of $2,500.00 each, and intended the record of said board to so show. The prayer of the petition was that an entry be made *nunc pro tunc,* as of August 14, 1934, showing the action taken by said board in fixing the compensation of petitioners at $2,500.00 each as payment for the salary or services of the said petitioners as election commissioners of Marion County for the year 1934. The cause was tried before said board and they refused to enter such an order. Appellees appealed to the Circuit Court of Marion County and after

a hearing the circuit court entered an order of mandate to the board to enter such an order, *nunc pro tunc,* as prayed. Appellant filed its motion for a new trial, which was overruled. The errors assigned and presented on this appeal are: (1) The court erred in overruling appellant's motion to strike from the files the proceeding and to dismiss the appeal; (2) the court erred in its judgment and order and in decreeing and directing the appellant to enter upon the records of appellant the said entry showing a fixing of said election commissioners' compensation at $2,500.00 each; (3) the court erred in overruling its motion for a new trial.

Appellant says that the court erred in overruling his motion to strike the proceeding from the file and to dismiss the appeal for the reason that the record shows that there was no original record of any proceeding before the board of commissioners to amend or correct and nothing of record by which any correction could be made.

While we find no authority directly in point, yet the cases apparently recognize the right of the board of commissioners to make their record speak the truth even in the absence of any pending cause. *White* v. *Burkett et al.* (1889), 119 Ind. 431, 21 N. E. 1087; *Wells* v. *Rhodes* (1887), 114 Ind. 467, 16 N. E. 830; *Wilson* v. *Board* (1923), 79 Ind. App. 250, 137 N. E. 783, and cases cited. Upon logic we can see no valid reason why the board of commissioners should not on their own order or upon a petition of an interested party enter an order or make an entry, *nunc pro tunc,* when it is necessary to make the record of their proceedings speak the truth. *Wilson* v. *Board, supra.* We think there was no error in overruling appellant's motion to strike the proceeding from the files and to dismiss the appeal.

Appellant's second assignment of error presents no question on appeal. *M. Rumely Co.* v. *Major* (1917), 64 Ind. App. 41, 115 N. E. 337.

Appellant's motion for a new trial questions the sufficiency of the evidence to support the finding and decision of the circuit court.

The evidence introduced at the trial is briefly and in substance as follows. That appellees were the duly appointed election commissioners for Marion County, Indiana, for the year 1934. The county council had appropriated the sum of $1,000.00 for compensation of the election commissioners for the year 1934. Appellees thought, in view of the increased amount of services required of the election commissioners for that year, that $1,000.00 was insufficient, and presented estimates of previous commissioners and other persons familiar with the work, as to what they thought would be a reasonable compensation for appellees' services. Appellees had several conversations with the members of the board of commissioners as to the amount they should fix as their compensation. On August 14, 1934, appellees appeared before the board of commissioners while said board was in session and insisted that the board allow them $4,500.00 each. Some member of the board thought that was more than they could allow. Then appellees offered to take $3,500.00 each. This amount was discussed for a while and a Mr. Charles Clarke, then county attorney, asked appellees if they would be satisfied with $2,500.00 to which appellees replied that they would, if it was done right away. Mr. Clarke testified that the commissioners and appellees finally reached a basis of paying the commissioners $2,500.00 each. Commissioner Dow Vorhies testified as follows:

"Q. And what, if anything, was said as to what it should be?

A. Well, it was all the way from amounts that had been given previous election commissioners some said as high as $5,000.00 at some time, but that was considered outside of the question and it drafted down then to $2,500, for the total amount for the year, that would be $2,000.00 in addition to the $500.00 set up in the budget in the fall by the council.

Q. Was that the amount which it was finally said it should be?

A. Yes, the petition, as we understood, asked for additional $2,000.00 apiece, that made total of $4,000.00 additional for both of them and that would make $5,000.00 a year for both of them, $4,000.00 plus the $1,000.00, $500.00 apiece set up in the budget and $2,000.00 each additional asked for.

Q. County Council had already made appropriation of $500.00 for each commissioner that year?

A. Yes.

Q. And it was, as I understand, for the purpose of getting that that Exhibit 1 was prepared?

A. Yes, sir.

Q. After this conversation between the commissioners and Mr. Hitch and Mr. Powell?

A. Yes, sir.

Q. Did you know whether a written record was being made at the time of the conversation with reference to the action that was taken?

A. No, I presumed that it was because our papers prepared in the Auditor's office by our stenographer and automatically we presume they go into our record.

Q. Did you know until this controversy came up sometime afterwards that there had been a written record made at that time?

A. No, I did not."

Appellee Powell testified that he and Hitch at the meeting on August 14, agreed to accept $2,500.00 each and the commissioners agreed to fix the compensation at that amount, and that they would request the county council to appropriate an additional $4,000.00 for that purpose. That such a request was made was evidenced by appellees' exhibit No. 1, which is as follows:

"Ernest K. Marker           Dow W. Vorhies
        John S. Mann

"MARION COUNTY COMMISSIONERS
INDIANAPOLIS

August 14th, 1934.

"County Council,
  Marion County,
    Indiana.

"Gentlemen:

"We are herewith submitting a request for $4,000.00 for additional salary of Election Commissioners. We are asking this increase because of additional work caused by the Registration Law and the City and County Elections both being held this year. This will make a total of $5,000.00 appropriated for the services of Election Commissioners.

      "Yours very truly,
     "BOARD OF COUNTY COMMISSIONERS
         Ernest K. Marker,
         Dow W. Vorhies,
         John S. Mann."

"Filed
  August 14, 1934.
  Chas. A. Grossart,
    County Auditor."

It will be noted that Exhibit 1 is dated August 14, 1934, and marked filed by the county auditor dated August 14, 1934.

The witness Charles Clarke testified that the letter, appellees' exhibit 1, was prepared at the meeting and signed by the board that day.

While the evidence may not be as positive as it might be, yet we think it constituted some evidence and sufficient to support the decision of the court on appeal.

Appellant says that it was error to admit appellees' exhibit No. 1, over objections of appellant, and was not a written memorandum or a written memorial of a date equal to or prior to the records sought to be made, but was an act done by the members some time subsequent to the meeting in question and was no part of the pro-

ceedings had at the meeting. The evidence is not clear as to the exact time the letter was prepared. The letter itself bears date of August 14, and is marked filed by the auditor of that date. One witness testified that the letter was prepared at the meeting and signed that day. The evidence we think was sufficient to make exhibit No. 1 competent as evidence, and furnished a sufficient written memorial upon which to base a *nunc pro tunc* entry when taken in connection with the other oral testimony. *Illinois Pipe Line Co.* v. *Fitzpatrick* (1934), 207 Ind. 1, 188 N. E. 771. We hold that the evidence was sufficient to support the decision of the court and that the decision was not contrary to law. Judgment affirmed.