## OHIO OIL CO. v. PAYNE, County Treas.

No. 29474.   June 18, 1940.

### 103 P. 2d 949.

H. G. Ross, of Tulsa, for plaintiff in error.

Everett S. Collins, County Atty., and Kenneth Hughes, Asst. County Atty., both of Sapulpa, for defendant in error.

BAYLESS, C. J. The Ohio Oil Company, a corporation, brought suit in the district court of Creek county, Okla., against H. L. Payne, county treasurer of Creek county, to recover the sum of $375.76 for taxes paid under protest. Jury was waived and the case tried to the court. Judgment was rendered for defendant, and the plaintiff has appealed. Parties will be referred to as they appeared in the trial court.

This controversy grew out of the following circumstances: The county as-sessor raised the valuation on some of a number of items voluntarily rendered for taxation by the Ohio Oil Company for the year 1937; notice of this action was given to the company, following which it appealed to the county board of equalization. A hearing was had and a value placed by the board on the various items. Some months later a controversy arose as to whether an $8,500 item for oil tanks was included in the board's order. The assessor took the position that since the $8,500 valuation placed on the tanks was not raised, the board did not assume jurisdiction over said item, and he assessed the company for the $8,500 in addition to the total assessed value fixed by the order of the board. The tax on this item was $376.75.

At the trial plaintiff introduced in evidence a purported order of the county board of equalization, dated May 28, 1937, signed by the chairman of the board and attested by its secretary. The county clerk testified that he found this order in the files of his office, but did not know who put it there; that it did not bear a filing stamp and it is the only record of this matter he had been able to find in his office. He identified the signatures on the order as being that of the chairman of the board. This order, among other things, listed the oil tanks in question and fixed their total valuation at $8,500. It listed the oil stocks on hand, giving it a valuation of $45,500.

Defendant introduced in evidence a purported order of the board of equalization, bearing the signature of its chairman, but no attestation. The county assessor testified that this order was taken from the files of his office. This order differs from the order introduced by plaintiff in the following particulars. It is what is commonly called a work sheet, containing the value of each item as rendered by the owner, the value fixed by the assessor and the value fixed by the board of equalization, each in a separate column; the oil tanks listed and valued at $8,500 in the order introduced by plaintiff are omitted from this order, and the oil stocks valued at $45,500 in

the former order are valued at $54,000 in this order. This omission of the $8,-500 item for oil tanks in the assessor's order is offset by the increased value of the oil stock. Thus, the total values listed in each of the orders are identical, being $297,419.

The assessor testified that he was familiar with the proceeding taken by the company in appealing to the board of equalization; that he had a carbon copy of the notice (work sheet mentioned above) sent to the company advising it of the raise in the assessed valuation of its property; that the $8,-500 item for tanks was not included in this notice, because he did not raise the value placed on the tanks by the company in its voluntary assessment; that he appeared before the board of equalization; that he had a copy of the board's order, signed by its chairman; that the $8,500 item did not come before the board; that the said notice and order of the board are contained on the same instrument (the work sheet). This in substance was the evidence introduced by plaintiff and defendant at the trial.

The aforesaid evidence of defendant was introduced over the objection of plaintiff, to which it duly excepted. Plaintiff complains that the trial court erred in admitting incompetent evidence and in rendering judgment for the defendant.

By statute, the county clerk is made the legal custodian of the records and files of the county board of equalization. Session Laws 1931, ch. 66, art. 2, sec. 1, 68 Okla. St. Ann. § 254.

The order of the board of equalization is a quasi-judicial order, which, if not appealed from, becomes a final order and cannot be collaterally attacked. Hopper et al. v. Okla. County, 43 Okla. 288, 143 P. 4; State v. Stockholders of Commercial National Bank of Muskogee, 125 Okla. 257, 257 P. 380. In the latter cited case it is said:

"* * * This board may hear evidence * * * from this evidence they ascertain the facts and apply thereto the law, decide the controversy, and, in effect, render judgment; their action is final unless appealed from, and cannot be collaterally attacked; in so doing they have exercised judicial power, thereby performing a judicial act."

The order introduced in evidence by plaintiff from the files of the county clerk prevails over the work sheet introduced by defendant from the files of the county assessor. An order, purporting to be the order of the board of equalization, which has been duly executed by the board and filed with the county clerk, the legal custodian of the records and files of the board, must be accepted as the final order of the board. Wigmore on Evidence, vol. 3, sec. 1633, p. 1981, subd. 1. If this order does not contain a true memorial of the board's proceedings, the board may cause its records to speak the truth by amendment or by order nunc pro tunc. 20 C. J. S., Counties, sec. 91 b; Board of County Com'rs of Marion County v. Powell (Ind.) 10 N. E. 2d 728. But in the absence of some proceeding to correct or change this order, we hold that same is immune to attack by parol or extrinsic evidence in a collateral proceeding. State v. Crookston Lbr. Co. (Minn.) 89 N. W. 173; Montana Ore Purch. Co. v. Maher, Co. Treas. (Mont.) 81 P. 13; 98 A. L. R. 1229, annotation.

The judgment is reversed.

WELCH, HURST, DAVISON, and DANNER, JJ., concur.