Forsythe *et al. v.* Kreuter *et al.*

Filed Jan. 24, 1885.

---

No. 10,689.

## FORSYTHE ET AL. *v.* KREUTER ET AL.

HIGHWAY.—*Location.*—*Petition.*—*Jurisdictional Fact.*—*Appeal.*—*Practice.*—In a proceeding for the location of a public highway, the fact whether the petition was signed by twelve freeholders, six of whom resided in the immediate neighborhood of the proposed highway, is jurisdictional, and the finding of the board of commissioners on that subject is conclusive. Objection to the petition for such reason can only be made before the board, before viewers are appointed, and it can not be made in the circuit court on appeal.

SUPREME COURT.—*Improper Argument of Counsel.*—*Bill of Exceptions.*—*Presumption.*—*Practice.*—Where alleged improper remarks of counsel to the jury are not preserved in the record by bill of exceptions showing that they were objected to, or what action the court took with respect to them, the Supreme Court will not consider them, but will presume, nothing appearing in the record to the contrary, that if the remarks were inappropriate, the trial court in some way set the matter right.

SAME.—*Judgment.*—*Motion.*—Where there is no bill of exceptions in the record showing that objection was made to the order and judgment of the trial court, or any motion to modify or change it, no question in relation thereto is properly before the Supreme Court.

From the Lake Circuit Court.

| 100 | 27 |
| 124 | 24 |
| 100 | 27 |
| 130 | 595 |
| 100 | 27 |
| 133 | 95 |
| 100 | 27 |
| 143 | 147 |
| 100 | 27 |
| 146 | 220 |
| 147 | 232 |
| 100 | 27 |
| 160 | 113 |
| 160 | 659 |
| 100 | 27 |
| 163 | 235 |
| 100 | 27 |
| f167 | 54 |
| 100 | 27 |
| 169 | 402 |

*J. E. McDonald, J. M. Butler, A. L. Mason, T. J. Wood* and — *Wood,* for appellants.

*J. B. Peterson* and *H. O. McDaid,* for appellees.

MITCHELL, J.—The record in this cause exhibits a proceeding for the location of a public highway, and for the assessment of damages. It was commenced by the petition of the appellee Kreuter and fourteen others before the board of commissioners of Lake county. After the viewers reported, Caroline M. Forsythe appeared before the commissioners and remonstrated against the granting of the road, as being of no public utility, and also for the assessment of damages. Proceedings were had before the board, which resulted in establishing the highway and assessing the remonstrant's damages at $110. An appeal was taken to the circuit court, where a trial was had and a verdict returned by a jury, to the effect that the proposed highway was of public utility, and assessing the damages of Mrs. Forsythe at $125. Overruling her motion for a new trial, the court ordered the cause to be remanded to the board of commissioners, with directions that the finding of the jury should be carried out, if they should deem the road to be of sufficient public importance, and adjudged that the remonstrant pay the costs, to which order and judgment she objected and excepted, and from which this appeal is prosecuted.

Three grounds of objection are urged by appellants' counsel in their brief:

1. That the evidence at the trial in the circuit court showed that the petition was not signed by twelve freeholders, " six of whom resided in the immediate neighborhood of the highway proposed ;"

2. That the appellees' counsel indulged in remarks to the jury during the progress of the trial, which were improper, and which were calculated to prejudice the appellants' cause ; and,

3. That the order of the court remanding the cause to the board of commissioners to carry out the finding of the jury,

Forsythe *et al. v.* Kreuter *et al.*

if they should deem the road of sufficient public importance, was unauthorized.

As to the first point, it is sufficient to say that the only issues tendered by the remonstrance were, that the proposed highway was not of public utility, and for the assessment of damages.

It is settled by the decisions of this court that nothing can be tried on appeal from the board of commissioners to the circuit court except what is put in issue before the board; and it is equally well settled that objections can only be taken to facts upon which the jurisdiction of the board depends, by appearing before the commissioners and making such objections at the time the petition is presented, and before the appointment of viewers. Whether the petition was signed by twelve freeholders, six of whom resided in the immediate neighborhood, etc., was jurisdictional, and the finding of the commissioners on that subject was conclusive. See *Green* v. *Elliott*, 86 Ind. 53, where the question is decided and the authorities cited by BICKNELL, C. C.

To the second point, we have to say, that as the extracts from the speech, in which it is claimed counsel for appellee transcended the bounds of propriety, are only set out in the motion for a new trial, and are in no way preserved in the record by bill of exceptions showing that they were objected to, or what the action of the court was in that regard, we can not consider the question. We must presume, nothing appearing to the contrary, that if the remarks attributed to counsel were inappropriate, the court in some way set the matter right.

As to the third point, we discover no bill of exceptions in the record showing that the appellant made any special objection to the form or substance of the order and judgment of the court, or that any motion was made to modify or change it. We must, following the rule announced in *Adams* v. *LaRose*, 75 Ind. 471, and many other cases, dispose of it in like manner.

Judgment affirmed, with costs.

Filed Jan. 22, 1885.