Filed December 18, 1895.

---

No. 16,902.

FORSYTH *v.* WILCOX ET AL.

APPELLATE PROCEDURE.—*Affidavits Charging Misconduct of Parties and Jurors.*—*Bill of Exceptions.*—Affidavits charging misconduct of parties and of jurors, and counter-affidavits in denial and in explanation of such charges, present no question for review on appeal, where they are not in the record by a bill of exceptions.

SAME.—*Sufficiency of Instruction.*—*Record.*—The sufficiency of an instruction will not be passed upon by the appellate court where the record does not disclose that it contains all the instructions given.

SAME.—*Commissioners' Court.*—*Objections to Proceedings.*—*Jurisdiction.*—*Highway.*—Objections to the proceedings before a board of county commissioners upon which that court assumed jurisdiction

of the subject-matter of, and parties to, a proceeding to establish a highway under the statutes, are not available on appeal from a judgment of the circuit court establishing the highway and disallowing the remonstrant's claim, where he appeared generally before the commissioners' court and the circuit court, and did not raise such objections in either.

SAME.—*Weight of Evidence.*—The Supreme Court cannot, upon appeal from a judgment of the circuit court establishing a highway, weigh the evidence as to public utility to determine conflicts, and pass upon the question of preponderance, but the evidence must be accepted as supporting the verdict upon that question, where there is evidence which, if standing alone, would support it.

EMINENT DOMAIN.—*Establishing Highway.—Offsetting Damages by Benefits.*—The rule that the benefits resulting from the establishment of a highway may be considered as against any damages for land taken is not in violation of the Const., article 1, section 66, providing that no man's property shall be taken without just compensation.

From the Porter Circuit Court.

*T. J. Merrifield,* for appellant.

*J. B. Peterson,* for appellees.

HACKNEY, J.—This was a proceeding by the appellees for the establishment of a highway. It originated in Lake county, and, upon appeal to the circuit court of that county, the venue was changed to the Porter Circuit Court. In the commissioners' court, the appellant made a general appearance and filed her remonstrance alleging the inutility of the proposed highway and claiming damages. Reviewers were appointed and qualified and reported the proposed highway of public utility, and that the appellant would sustain damages in the sum of $2,100.00. Thereupon the board of commissioners ordered the highway to be opened and established after twenty-eight days, upon the condition that the petitioners pay the damages reported in excess of $300.00, which sum was ordered paid from the county

treasury, in the event of the payment by the petitioners of the additional damages. Before the expiration of said twenty-eight days, the appellant perfected her appeal from the board to the circuit court. In the Porter Circuit Court, the only proceedings had, and which have been reserved, were in the trial of the questions of public utility and damages, which resulted in a verdict finding for "the petitioners and that the highway petitioned for would be of public utility," and further, that "Caroline M. Forsyth is entitled to damages in the sum of $———." Over appellant's motion for a new trial, the circuit court rendered judgment from which this appeal is prosecuted.

The grounds of error which appellant has assigned are substantially as follows:

1. The board of commissioners of Lake county had no jurisdiction to appoint said viewers under said petition in this: (1) That said petition did not state facts sufficient to authorize such board to make such appointment. (2) That no sufficient notice of the filing of said petition was ever made or proven.

2. That said board had no authority to proceed in the matter of said petition for want of a legal and sufficient report by said viewers.

3. That the order to view was wholly void for want of certainty in the description of the proposed highway.

4. That no reviewers were appointed after the filing of the remonstrances upon the question of public utility.

5. That the proceedings of said board of commissioners were wholly illegal, without jurisdiction and void.

6. The Lake Circuit Court had no jurisdiction in the case.

7. The Porter Circuit Court had no jurisdiction in the case.

8.  The court below erred in overruling appellant's motion for a new trial.

9.  The judgment of the court below is in violation of the sixty-sixth section of the first article of the constitution of the State of Indiana.

10.  The judgment of the court below is in violation of the fourteenth amendment of the constitution of the United States.

The first, second, third, and fourth of said assignments, as suggested upon their face, apply to the proceedings before the board of commissioners, upon which that court assumed jurisdiction of the subject-matter and of the parties, and, upon the argument of counsel, the general assignments numbered five, six and seven are but conclusions from the preceding assigned causes of error.   In our opinion all of these assignments must fail, since none of the causes therefor were presented by objection, motion, or otherwise, in the commissioners' court or in the circuit court.   *Wells* v. *Rhodes,* 114 Ind. 467; *Lowe* v. *Brannan,* 105 Ind. 247; *Forsythe* v. *Kreuter,* 100 Ind. 27; *Watson* v. *Crowsore,* 93 Ind. 220; *Green* v. *Elliott,* 86 Ind. 53; *Daggy* v. *Coats,* 19 Ind. 259; *Kemp* v. *Smith,* 7 Ind. 471; *Milhollin* v. *Thomas,* 7 Ind. 165.

The petition did not, in the body thereof, allege that six of the petitioners resided in the neighborhood of the proposed road, but that fact, and the fact of the posting of notices of the intended filing of the petition appeared from an affidavit filed with, and as a part of, the petition.   The commissioners expressly adjudged that "due proof of the legal qualifications of the petitioners, and of the legal posting of notices," was made.   By the cases cited, it is the settled law of this State that questions as to the qualifications of the petitioners, the sufficiency of notice, the formal averments of the petition, and other

questions of like character, are waived by the failure of a remonstrant to raise them before the board; that the judgment of the board as to the sufficiency of notice is final, and that only such questions as have been affirmatively put in issue before the board, or such as may be permitted by amendment on appeal, may be tried in the circuit court.    The case of *Green* v. *Elliott, supra,* fully considers the doctrine of waiver, and cites many of the decisions in this State supporting its conclusions.    In the appellant's case, *Forsythe* v. *Kreuter, supra,* this court said: "It is settled by the decisions of this court that nothing can be tried on appeal from the board of commissioners to the circuit court except what is put in issue before the board; and it is equally well settled that objections can only be taken to facts upon which the jurisdiction of the board depends, by appearing before the commissioners and making such objections at the time the petition is presented, and before the appointment of viewers.    Whether the petition was signed by twelve freeholders, six of whom resided in the immediate neighborhood, etc., was jurisdictional, and the finding of the commissioners on that subject was conclusive."

The hearing afforded, under the law, to landowners, is not designed to permit those interested to make a partial resistance and to remain silent as to errors in the proceeding, which, upon motion, could be corrected, and, when they have taken the chances of success upon their partial resistance, and when the petitioners have been taken to the court of last resort, where such errors cannot be corrected by amendment, but the costs of the entire proceeding must be visited upon them, to then for the first time raise an objection that any such error exists.  If such practice were permitted, instead of establishing and promoting a just system of procedure, the rule would constitute an unjust method of delaying public

Forsyth *v.* Wilcox *et al.*

improvement and of burdening with the cost of litigation those who institute such proceedings. None of the defects suggested as to the order to view, as to the report of viewers, nor as to the failure to appoint second reviewers, which we learn from the argument to be the objection raised by the fourth assignment, even if such were authorized, should have passed through the commissioners' court, and the circuit court, and remained unchallenged until they had reached this court, when, by the vigilance of the appellant, they could have been cured in the earliest stages of the proceeding.

As we have shown, the board acquired jurisdiction of the proceeding; the appellant's appearance was general; her only objections were as to the utility of the road and the damages she might sustain; the order establishing the highway contained enough, aside from the condition as to the payment of damages, to fix the location, width, and *termini* of the road. If there were irregularities in the intermediate proceedings, and the appellant without objection thereto appealed to the circuit court and there again submitted only the questions of utility and damages, such intermediate irregularities should be deemed waived. By the rule that the questions tried before the board are tried *de novo* in the circuit court, the inquiry of this court is necessarily limited to the questions tried in the circuit court, unless it is found that the proceedings of the board were wholly void.

The eighth cause of error assigned, the overruling of the motion for a new trial, is next urged by the appellant. In support of the motion were filed numerous affidavits, charging misconduct of parties and of jurors, and counter-affidavits in denial and explanations of such charges. These, it is practically conceded by counsel for appellant, are not in the record by bill of exceptions and therefore present no question for review by this court.

The weight of the evidence is discussed and we are urged to pass upon it. As to the question of the public utility of the proposed highway, there is much evidence, and imparts sharp conflict. There is evidence which, if standing alone, would support the conclusions that the road was of public utility. This evidence we must accept as supporting the verdict upon that question, as we cannot weigh the evidence to determine conflicts and pass upon the question of its preponderance. As to the question of appellant's damages, an entire failure of evidence would be fatal to her claim, since the burden of that issue rested upon her. The evidence offered by her, however, was met and opposed by much evidence from the appellees, and we are not, as we have said, at liberty to weigh the conflict. It is further urged that there was a failure of proof in that there was no evidence of the statutory qualifications of the petitioners, and that, as the cause should have been tried *de novo* in the circuit court, such qualifications were in issue. To this contention are cited *Reynolds* v. *Shults*, 106 Ind. 291; *Clift* v. *Brown*, 95 Ind. 53; *Schmied* v. *Keeney*, 72 Ind. 309; *Coyner* v. *Boyd*, 55 Ind. 166; *McPherson* v. *Leathers*, 29 Ind. 65; *Beeler* v. *Hantsch*, 5 Blackf. 594. These cases, like many of those already cited by us, hold that in the circuit court the cause is tried *de novo* on the issues made in the commissioners' court. As we have shown, the only issues made in that court were as to the utility of the road and the damages claimed by the appellant, and other issues were waived.

Objection is made that the appellees introduced in evidence the petition for a highway in another proceeding. At the point in the record where this petition appears to have been read, and on objection by the appellant to the introduction of the petition in this proceeding, the court ruled that the petition and remon-

strance were in evidence by force of law and without formal introduction.

Thereupon, and without further objection or an exception, the appellees read in evidence such petition.

The record of another petition than that in review is explained as arising from an error of the stenographer in copying the wrong document, but it seems to be unimportant since no exception was reserved; and, in our opinion, it could not have been harmful. No prejudice of the rights of the appellant, by reason of the reading in evidence of such petition, is suggested, and we observe none.

Complaint is made of the giving of three of the court's charges to the jury. The record does not disclose that it contains all of the instructions given to the jury. By the settled rule of practice in this State, the sufficiency of any instruction must be determined in the light of all of the instructions given, and to make compliance with this rule possible the appellant must make it appear from the record that all charges given are in the record. *Board, etc.,* v. *Nichols,* 139 Ind. 611, and authorities there cited. Two of the charges so complained of relate to the right of the jury to consider, as against any damages found, the value of any benefits which they might also find. Of this proposition appellant's counsel says: "It is well understood that this is the doctrine prevailing in the courts of Indiana." We adopt this concession of counsel to show that his complaint seeks to overturn an established rule of law in this State, and that he is not harmed by the technical rule of practice which denies us the privilege of considering his complaint.

In the oral argument it was insisted that the verdict found that the appellant sustained damages and was insufficient in failing to specify the extent of damages

sustained.    The verdict should be construed as a finding that the appellant sustained no damage.    The form was evidently supplied by the court, and its blanks filled to suit the finding, and without erasing unnecessary words.

The ninth and tenth causes of error assigned are earnestly pressed for a reversal of the lower court's judgment.

It is said that "No man's property shall be taken without just compensation."    Art. 1, section 66, Ind. Const.    "Nor shall any State deprive any person of *^* property without due process of law."    Section 1, Art. 14, Amendments to U. S. Const.    The point is not made, and we do not stop to inquire, whether this argument may be made under this assignment instead of that upon the overruling of the motion for a new trial, or whether it should have been raised upon motion to modify the judgment.    These propositions are urged upon the idea that benefits may not be considered in connection with any damages sustained by the property-owner in ascertaining what, if any sum, should be awarded to the property-owner.    As has already been suggested, appellant's counsel concedes that by the settled rule in Indiana such benefits may be considered.    *McIntire* v. *State*, 5 Blackf. 384; *Vanblaricum* v. *State*, 7 Blackf. 209; *Indiana, etc., R. R. Co.* v. *Hunter*, 8 Ind. 74; *Hagaman* v. *Moore*, 84 Ind. 496; *Burk* v. *Simonson*, 104 Ind. 173.    Some of the cases cited consider the question with reference to the first of the constitutional provisions mentioned.    No reason has been given for the suggestion that "due process of law" is not afforded by the hearing provided by the statute to the property-owner, and no reason has occurred to us.

Finally it is suggested that "the petition, though purporting to be for the laying out of a new road, was, in fact, for the lengthening and widening of an old

road," and it is said: "This cannot be done under the law." Just what assignment of error raises this question we are not advised. Judged from the purport of the petition, it would not appear to be for the purpose stated by appellant. If the purpose were disclosed by the evidence, the argument does not suggest it or make reference to where it may be found. If error, it is not available.

Finding no available error in the record, the judgment of the circuit court is affirmed.

Filed September 25, 1895; petition for rehearing overruled December 18, 1895.