## MILLER ET AL. *v.* BURKS ET AL.

[No. 17,806,    Filed May 12, 1896.    Rehearing denied Nov. 11, 1896.]

FREE GRAVEL ROADS.— *Objections to Petition.—When Presented.— Statutes Construed.*—Objections to a petition for the construction of a free gravel road under sections 6879-6899, Burns' R. S. 1894, that the same was not signed by a majority of the resident landowners whose lands were within two miles of the proposed improvement, to be available must be made prior to the report of the viewers.

APPEAL AND ERROR,— *Bill of Exceptions.—Transcript Must Show Filing Of.*—A bill of exceptions is not properly in the record as provided by section 641, Burns' R. S. 1894 (629, R. S. 1881), unless it appears from the transcript that it was filed in the cause.

From the Parke Circuit Court. *Affirmed.*

*Rice & Johnston*, and *A. M. Adams*, for appellants.

*J. M. Johns, S. D. Puett*, and *J. S. McFaddin*, for appellees.

HOWARD, J.—The appellees filed their petition before the board of county commissioners of Parke county for the improvement of a certain highway under the gravel road law of 1885, as amended by the Acts of 1891 and 1893, being sections 6879-6899, Burns' R. S. 1894.

Such proceedings were had before the board as resulted in the establishment of the work prayed for; and on an appeal to the circuit court the action of the county commissioners was confirmed as to the appellants.

The questions on this appeal, while going chiefly to the jurisdiction of the board and of the circuit court, are yet rather technical than substantial; the principal contention being that the original petition for the work was not signed by a majority of the resident landholders of the county whose lands were within two miles of the proposed improvement, as required by the statute. The board decided this question against appellants, and assumed jurisdiction; and the circuit court held that the appellants had not been diligent in presenting the question to the board until after the report of the viewers was made.

An examination of the transcript leads us to the conclusion that while the ruling of the court may have been somewhat technical, it was yet strictly within the requirements of the statute and the holdings of this court. The objections to the petition were not seasonably made. Section 6880, Burns' R. S. 1894 (1473, E. S.); *Forsythe* v. *Kreuter*, 100 Ind. 27; *Osborn*

v. *Sutton,* 108 Ind. 443; *Robinson* v. *Rippey,* 111 Ind. 112; *Hobbs* v. *Board, etc.,* 116 Ind. 376; *Evans* v. *West,* 138 Ind. 621.

Appellees, however, insist that there is no question before us for decision for the reason that it does not appear from the transcript that the bill of exceptions was ever filed in the cause, as required by section 641, Burns' R. S. 1894 (629, R. S. 1881). This section of the statutes provides that "the party objecting [to the decision] must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay. When so filed, it shall be a part of the record." In the present case, the bill was duly presented and signed by the judge; but there is nothing to show whether it was ever filed or not. It is not shown, therefore, that the bill of exceptions is a part of the record; and no question is presented for our decision.

This question has been frequently passed upon in recent cases by this court. *Ueker, Admx.,* v. *Bedford, etc., Co.,* 142 Ind. 678; *Rivers* v. *State,* 144 Ind. 16; *Salem, etc., Co.* v. *Hobbs, Admr.,* 144 Ind. 146, and authorities cited in those cases.

The judgment is affirmed.