## McKaig et al. v. Jordan et al.

[No. 21,391.   Filed March 30, 1909.]

1. HIGHWAYS.—Cost Bonds.—Jurisdiction.—Former Adjudication.—Objections.—Statutes.—Under §6737 Burns 1905, Acts 1905, p. 521, §12, providing that "whenever any petition for the location * * * of any public highway has been presented to the board of commissioners, * * * and * * * viewers shall have reported * * * the proposed location * * * of such highway of no public utility, then no * * * subsequent petition for the location * * * of such highway shall be acted upon by the commissioners, unless the petitioners shall first file with the county auditor a bond" for costs, the board has jurisdiction without the filing of such bond, but upon objection or plea showing such former petition and viewers' report the board should require the filing of a proper cost bond. p. 86.

2. PLEADING.—Answer.—Plea in Abatement.—Jurisdiction.—A plea in abatement challenging the jurisdiction of the court over the person, or the subject-matter of a particular case, must ordinarily be filed at the earliest opportunity, and not after an answer to the merits. p. 87.

3. HIGHWAYS.— Irregular Proceedings.— Judgment.—Validity.—A judgment by the board of commissioners establishing a public highway is not void merely because some of the proceedings leading thereto were irregular. p. 88.

4. HIGHWAYS.—Cost Bonds.—Motions to Vacate Proceedings.—A motion to vacate all prior proceedings in a highway case, covering the same route as was covered by a former unsuccessful highway proceeding, is too broad and should be overruled. p. 88.

5. EVIDENCE.—Reports of Viewers.—Highways.—Statutes.—Under §7793 Burns 1908, Acts 1905, p. 521, §123, reports of viewers, reviewers, or committees in highway cases, shall be considered in evidence on appeal. p. 88.

6. TRIAL.— Permitting Jury to Have Pleadings.— Highways.— Viewers' Reports.—Under §7793 Burns 1908, Acts 1905, p. 521, §123, requiring the reports in highway cases to be considered in evidence on appeal, such reports become virtually papers in the

case; and it is not improper to permit the jury to have them during deliberation upon the verdict. p. 88.

From Cass Circuit Court; *John S. Lairy,* Judge.

Highway petition by M. A. Jordan and others, against which Elliott E. McKaig and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Walters & Long,* for appellants.
*Kistler & Kistler,* for appellees.

MONTGOMERY, J.—Appellees petitioned the Board of Commissioners of the County of Cass, at the March term, 1906, for the establishment of a public highway. Viewers were appointed and directed to make report April 2, 1906. On said date appellants McKaig and McMillen appeared and filed separate verified motions, stating that in 1901 proceedings were had before said board for the location and establishment of a highway over and upon the same route described in the petition herein, that the viewers reported the same not to be of public utility, that their report was approved and the petition dismissed, and that no bond to secure the costs had been filed in this proceeding by the petitioners as required by law, and they asked that all proceedings upon the petition be held void, vacated and annulled, and that no further action be taken until a cost bond should be filed by the petitioners. These motions were overruled, and the report of viewers, then on file, finding the proposed road of public utility, was approved. Appellants McKaig and McMillen and others thereupon filed remonstrances upon which reviewers were appointed. The petitioners on the same day voluntarily filed a bond to secure the costs, which was approved. The reviewers, at the next term, reported in favor of the public utility of the proposed road, and awarded damages to remonstrants, which report was approved, and the highway established by the board, from which order the remonstrators appealed to the circuit court. In the circuit court appellants filed a plea in abatement.

which, on motion, was stricken out, and McKaig and Mc-Millen refiled their motions to vacate and stay proceedings for want of a cost bond, which were overruled. A trial resulted in a verdict in favor of the establishment of the road, with increased damages to the appellants. A new trial was asked and denied.

Errors have been properly assigned upon the striking out of the answer in abatement, overruling of the separate motions of McKaig and McMillen, and overruling the motion for a new trial.

The first alleged error involves the construction and application of the following statute: "Whenever any petition for the location, vacation or change of any public highway has been presented to the board of commissioners of any county in this State, and such board shall have appointed viewers for the same, and such viewers shall have reported that they deem the proposed location, vacation or change of such highway of no public utility, then no second or subsequent petition for the location, vacation or change of such highway shall be acted upon by the commissioners, unless the petitioners shall first file with the county auditor a bond with surety to be approved by him, conditioned that such petitioners will pay all costs in the case if the viewers to be appointed to view such proposed location, vacation or change of such highway, shall report that they deem the same to be of no public utility." §6737 Burns 1905, Acts 1905, p. 521, §12.

The plea in abatement embodied substantially the same facts as the separate motions of McKaig and McMillen. Appellants' theory is that the filing of the cost bond in

1. this case was a jurisdictional matter, rendering all proceedings in its absence void. This contention cannot be sustained. Boards of commissioners are given general jurisdiction over the subject of laying out and establishing highways, and are authorized to take jurisdiction of a

particular case upon the filing of a prescribed petition after the giving of a specified notice. A board, doubtless, might do so, but is not required to take judicial notice that the route described in a pending petition is the same as that contained in a former proceeding and found not to be of public utility. The identity of the two routes should ordinarily be brought forward by some interested party to stay the pending proceeding, since the fact will not be apparent in the particular case, but must be shown by evidence *de hors* the record. If a party desires to challenge the

2. jurisdiction of a judicial tribunal over his person or over the subject-matter of a particular case, on grounds not apparent from the face of the record, he must do so at the earliest opportunity, or his objection will be regarded as waived. Appellants answered to the merits by filing remonstrances before the board, and could not thereafter on appeal to the circuit court file and be heard upon an answer in abatement. This plea was correctly rejected. *Forsyth* v. *Wilcox* (1895), 143 Ind. 144; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27; *Green* v. *Elliott* (1882), 86 Ind. 53, and cases cited.

McKaig and McMillen refiled in the circuit court their motions to vacate and to stay proceedings for the want of a cost bond. The act of 1879 (Acts 1879 [s. s.], p. 148), amended by the act of 1905, *supra*, was entitled, in substance, an act to require petitioners to file a bond for costs in certain highway cases. The manifest object of the statute was to save boards of commissioners, as well as the communities involved, from annoyance on account of repeated petitions for a proposed location, vacation or change of highway once adjudged to be of no public utility. If appellants had appeared in response to notice of the application, and before action thereon, and filed their showing of the identity of route in the two proceedings and asked a stay until the filing and approval of a proper bond, a very different question would have been presented. This case came within the

scope of the board's jurisdiction, and it was called upon to decide whether all requisite steps had been taken to
3. authorize it to proceed in the particular instance, and though its decision be found, upon fuller light, wrong, its subsequent action was not void. Elliott, Roads and Sts. (2d ed.), §300.

The most that appellants could reasonably have asked, when they did appear, was the filing of a proper cost bond. Their demand that past proceedings be vacated was
4. too broad, and the board was justified in denying the motions on this ground. When the motions were refiled in the circuit court, a cost bond was on file and duly approved by the auditor, so that court did not err in overruling the separate motions of appellants McKaig and McMillen.

The jury trying the cause in the circuit court was permitted, upon appellees' request, to take into the jury room during its deliberations the reports of the viewers and re-
5. viewers made to the board of commissioners. Appellants objected and excepted to this action of the court, and have urged it as reversible error. It is provided by section 123 of the highway act of 1905 (Acts 1905, p. 521, §7793 Burns 1908), in reference to appeals, that "such appeal shall be tried *de novo,* and may be had as to any issue [tried] or that might have been tried, before the county board; but every report made to the board of viewers or reviewers or by any committee, body or officer, under the provisions of this act, shall be considered in evidence on such appeal." This statute changed the rule prevailing prior to its passage, and its language makes such reports not merely competent and admissible as evidence, but, in mandatory terms, says they "shall be considered in evidence." We think the purpose of the legislature was not only to
6. make such reports competent as evidence, but to place them in the class of pleadings and papers properly

pertaining to the case, which shall be considered as before the court and jury without being formally read in evidence. It is not error to permit the jury to have the pleadings in the case in the jury room during deliberation. *Shulse* v. *McWilliams* (1886), 104 Ind. 512; *Summers* v. *Greathouse* (1882), 87 Ind. 205; *Snyder* v. *Braden* (1877), 58 Ind. 143; *Daggy* v. *Coats* (1862), 19 Ind. 259; *Haas* v. *Cones Mfg. Co.* (1900), 25 Ind. App. 469.

In view of this statute we are unable to say that error was committed by the court in this action.

No reversible error being shown, the judgment is affirmed.

Myers, J., did not participate in this decision.