### GEORGE ET AL. v. AMOS ET AL.

[No. 21,394. Filed January 27, 1910. Rehearing denied March 10, 1910.]

HIGHWAYS.—*Questions Triable on Appeal from Board of Commissioners.*—*Abatement.*—On appeal to the circuit court from the board of commissioners in a highway proceeding, a plea in abatement on the ground that the highway petition was not signed by a sufficient number of persons, should be stricken out on motion, such question not being raised before such board.

From Rush Circuit Court; *Will M. Sparks*, Judge.

Highway petition by Chester M. George and others, against which Johannon M. Amos and others remonstrate. From a judgment for remonstrators, petitioners appeal. *Reversed.*

*Samuel L. Traube, Megee & Kiplinger* and *A. J. Ross*, for appellants.

*Watson, Titsworth & Green* and *Douglas Morris*, for appellees.

MONKS, J.—This proceeding was commenced by appellants in 1906 before the Board of Commissioners of the County of Rush, under section sixty-two *et seq.* of "an act concerning highways," approved March 8, 1905 (Acts 1905, pp. 521, 550 *et seq.*, §6788 *et seq.* Burns 1905), to improve a public highway in Noble township in said county. Such proceedings were had that an election was ordered and held, as provided in said act. At said election a majority voted in favor of improving said highway, and the board ordered

that said highway be drained, graded, and paved with crushed stone, in accordance with the plans and specifications.

On November 8 the board of commissioners found that the estimated cost for such improvement was insufficient under section one of the act of 1905 (Acts 1905, p. 489, §7724 Burns 1908), and ordered a new estimate, and appointed two reviewers and an engineer, as provided in said act. On December 4, 1906, said reviewers made and filed their report, which was approved by the board, and notice was given of said new estimate, as provided in §7724, *supra*. Appellees appeared before the board within twenty days thereafter and filed a remonstrance against said improvement, as provided in said section. After hearing the evidence, the board found that said remonstrance was not signed by a majority of the voters of said Noble township, and ordered the construction of said road. The remonstrators appealed to the court below.

Appellees filed an answer in abatement in the circuit court, attempting to challenge the jurisdiction of the board of commissioners, on the ground that the petition was not signed by fifty freeholders of Noble township, where the highway to be improved was located, as required by §6789 Burns 1905, Acts 1905, p. 521. Appellants filed a motion to strike out said plea in abatement, on the ground that no question as to the jurisdiction of said board of commissioners was presented or raised before said board by plea in abatement or otherwise, but that said question was, for the first time, raised in the circuit court by said answer in abatement. The court below overruled said motion, to which ruling the appellants at the time excepted. Appellants' demurrer to said answer in abatement for want of facts was overruled, to which appellants at the time excepted.

Appellants filed a general denial to said answer in abatement, the issue thereby formed was tried by the court, finding made in favor of appellees, that the matter alleged in

the answer was true and that the board of county commissioners had no jurisdiction of the subject-matter of the petition, and judgment was rendered that said proceedings abate and that the remonstrators (the appellees in this appeal) recover their costs. From this judgment appellants appeal.

The errors assigned and not waived call in question the action of the court in overruling the motion to strike out the answer in abatement, and in overruling the demurrer to said answer in abatement.

It is insisted by appellants "that as no objection to the sufficiency of the petition, the qualification or number of the petitioners, or the jurisdiction of the board, was made at the time provided by statute (§7715 Burns 1908, Acts 1905, p. 521, §66), or before the board of commissioners at any time, but only in the court below by said answer in abatement, that said court erred in overruling the motion to strike out said answer in abatement, and said demurrer to said answer in abatement, for the reason that only such questions and issues as were presented to or raised before the board of commissioners could be raised or tried in the circuit court on appeal, and that questions of jurisdiction like the one presented in said answer in abatement must be presented at the earliest moment before the board of commissioners or the same are waived," citing the following authorities: *Robinson* v. *Rippey* (1887), 111 Ind. 112, 119; *Ely* v. *Board, etc.* (1887), 112 Ind. 361, 366; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 446; *Green* v. *Elliott* (1882), 86 Ind. 53, 57; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 147; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27, 29; *McKaig* v. *Jordan* (1909), 172 Ind. 84; *Washington Ice Co.* v. *Lay* (1885), 103 Ind. 48, 51; *Plew* v. *Jones* (1905), 165 Ind. 21, 24, 25; *Todd* v. *Crail* (1906), 167 Ind. 48, 52; *Fancher* v. *Coffin* (1908), 41 Ind. App. 489; *Miller* v. *Burks* (1896), 146 Ind. 219, 220; *Hall* v. *McDonald* (1908), 171 Ind. 9; *Brink* v. *Ried* (1890), 122 Ind. 257.

Appellees contend that since the taking effect of the highway act of 1905 (Acts 1905, p. 489, §7724 Burns 1908) the rule as to what may be tried on appeal from the board of commissioners has been changed by §7793 Burns 1908, Acts 1905, 521, §123, under which this proceeding was appealed to the court below, for the reason that said section provides that "such appeal shall be tried *de novo,* and may be had on any issue [tried], or that might have been tried, before the county board;" that as this proceeding was appealed under §7793, *supra,* the part thereof before quoted authorized the "circuit court to try every question or issue that was raised or might have been raised before the board of commissioners," and that therefore it was proper to try the issue presented by the answer in abatement in the circuit court, although no such question or issue was presented or raised by appellees before the board of commissioners.

The question as to what is triable on appeal from the board of commissioners to the circuit court in a proceeding under §7793, *supra,* was determined against the contention of the appellees in *Aetna Life Ins. Co.* v. *Jones* (1909), *ante,* 149. Upon the authority of that case and the cases there cited, some of which were proceedings under said latter act, we hold that the court erred in overruling appellants' motion to strike out the answer in abatement, for the reason that the question presented thereby, not having been presented before the board of commissioners, was not triable on appeal in the circuit court.

The judgment is reversed, with instructions to sustain appellants' motion to strike out said answer in abatement, and for further proceedings not inconsistent with this opinion.