IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1918, AND MAY
AND NOVEMBER TERMS, 1919, IN THE ONE HUN-
DRED SECOND, ONE HUNDRED THIRD AND ONE
HUNDRED FOURTH YEARS OF THE STATE.

---

WHITESELL ET AL. *v.* METSKER ET AL.

[No. 23,072.   Filed June 18, 1918.   Rehearing denied
December 17, 1918.]

1.   APPEAL.—*Subsequent Appeals.—Questions to be Decided.*—In
a subsequent appeal, only those propositions are to be consid-
ered that are not foreclosed as the law of the case by the former
opinion.   p. 3.

2.   HIGHWAYS.—*Proceedings for Improvement.—Disqualification
of Commissioner.—Subsequent Appeals.—Law of the Case.—*
Where the Supreme Court, in an appeal in a highway proceed-
ing, held that the trial court erred in failing to consider a
proper challenge of the competency of a commissioner and
stated the rule of law that a commissioner, though disqualified,
may be compelled to vote where his refusal to do so "would
effectually bar any remedy," in a subsequent appeal therein,
where the findings showed that, though one of the commission-
ers was disqualified at the time of the first appeal and remained
so, his associate commissioners disagreed on the approval of
the viewers' report, such rule was the law of the case and
validated the vote of such commissioner on the approval order,
his vote on other questions depending upon the particular cir-
cumstances.   p. 4.

3.   HIGHWAYS. — *Improvement Proceedings. — Qualification of
Commissioner. — Challenge. — Appeal.* — Where, in a highway
proceeding, the board of commissioners made no finding on a

challenge of a member of the board for disqualification, but received his vote and unanimously affirmed the viewers' report, they either overruled the challenge or declined to act thereon, and in either case an issue was made thereon and a right created that was presentable on appeal to the circuit court. p. 5.

4. TRIAL.—*Findings of Fact.*—*Necessity of Conclusions of Law.* —Where the trial court, in a highway proceeding, stated a conclusion of law that one of the commissioners, challenged because of interest, was disqualified, but found facts showing a necessity for his vote on a question in the proceeding, it should have stated a conclusion that the vote was justified. pp. 6, 7.

5. HIGHWAYS.—*Improvement.*—*Appeal to Circuit Court.*—*Jurisdiction.*—On appeal to the circuit court in a highway proceeding, only such issues as were tried before the board of commissioners can be tried in the circuit court; hence a conclusion of law upon a matter that was not before the commissioner is of no force. pp. 6, 7.

6. HIGHWAYS.—*Petition for Improvement.*—*Viewers' Report.*—*Variance.*—Where the petition for the improvement of a highway, under §7713 Burns 1914, Acts 1905 p. 521, recommended a pavement of broken stone, combined and held together with a durable binder, a recommendation of the viewers, on advice of the engineer, of cement as a binder was within the statute, since the statute is silent as to the binding material, and, under §7717 Burns 1914, Acts 1905 p. 521, the commissioners had power to approve the viewers' report if they deemed the changes essential to proper construction. pp. 7, 9, 10.

7. TRIAL.—*Findings.*—*Conclusion.*—The statement in the court's findings in a highway proceeding that the "method of construction, the pavement provided for, and the materials to be used as specified in said last report * * * are materially, substantially and radically different from the kind * * * prayed for" in the original petition, is a mere conclusion having no force as a fact. p. 8.

8. HIGHWAYS. — *Improvement.* — *Power of Commissioners.* — Though the commissioners on recommendation may not order an entirely different character of road from that petitioned for, they may, within the bounds of fair judgment and engineering needs, if the petition is granted, order that the road shall be constructed according to approved methods. p. 11.

9. HIGHWAYS.—*Improvements.*—*Viewers' Supplemental Report.* —*Presumption.*—Where the viewers' report in a highway proceeding stood for three months without action, and no objections were made, it will be presumed that there was no occasion for the filing of a supplemental report as required under §7718 Burns 1914, Acts 1905 p. 521. p. 12.

10. HIGHWAYS. — *Improvement Proceedings.—Objections.—Burden of Proof.*—In a highway proceeding, under §7713 *et seq.* Burns 1914, Acts 1905 p. 521, parties objecting to the jurisdiction of the board of commissioners had the burden of proving facts showing its lack of power to proceed. p. 13.

From the Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Proceeding for the establishment of a highway by William J. Whitesell, administrator, and others, against Hamilton Metsker and others.  From a judgment setting aside an order of the board of commissioners directing the improvement and remanding the cause to the board for further action, the petitioners appeal. *Reversed.*

*William V. Rooker,* for appellants.
*J. F. Neal, N. C. Neal* and *Shirts & Fertig,* for appellees.

PER CURIAM.—This appeal involves proceedings to establish and improve a highway leading from the south end of Tenth street, at the south corporation line of the town of Noblesville, Hamilton county, to a line drawn east and west through the center of the right of way of the Lake Erie and Western Railway, where the right of way is crossed by the Noblesville and Indianapolis free gravel road; and also involves proceedings to improve said free gravel road from said last-named point south, the aggregate length of the highways affected and described being less than three miles.

A former appeal resulted in a decision to be found in *Metsker* v. *Whitsell* (1913), 181 Ind. 126, 704, 103 N. E. 1078, 1085.  The only propositions now 1. to be considered are those which are not foreclosed by the law of the case, as stated in said decision, and which are presented by issues made before the board of commissioners after said decision.

No questions exist as to the jurisdiction of the board of the particular subject involved in the petitions, nor of the parties.

It was, on said former appeal, asserted that the board's orders were void, not having been made by a majority of the commissioners, *if* Washington,
2. a commissioner who voted therefor was disqualified from voting and one of his associate commissioners voted for and the other voted against said orders. Said decision of this court also established the law of the case to be that, though it may be found, as a general proposition, that Washington was disqualified to vote, circumstances may be that the exception stated in said opinion should apply. Said opinion reads: "An exception to the general rule of disqualification is recognized by some courts, including this one, where the disqualification, if permitted to prevail, would destroy the only legal tribunal for the hearing of the matter in issue, and thus bar any hearing, unless the disqualified judge may be compelled to act. * * . * Where the tribunal, as here, consists of three persons, an interested commissioner should act only where his refusal to do so would effectually bar any remedy."

Said opinion held that the circuit court erred in not considering the challenge of Washington's competency, reversed the judgment, and directed further proceedings not inconsistent with the law of the case thus announced. This left open, not only the question as to Washington's competency, but the question whether the facts justified Washington's vote in any particular matter.

Upon a trial by the circuit court of this present appeal, facts were specially found showing that Washington was at the time of the former proceedings disqualified, and that he remained incompetent; but it was also expressly found that his associate commissioners voted,

one for and the other against the order approving the viewers' report and directing that bids be received; therefore, under the law of the case, established as above noted, the proceeding was blocked and it was necessary for Washington to vote. His vote was thus justified and said order was in this respect valid. Whether he was justified in voting on other questions depended upon the circumstances existing in each instance.

As found by the court, the issues made before the board after the cause was remanded were as follows: Petitioners filed a supplemental petition, asking that new viewers and an engineer be appointed, as one of the former viewers was deceased, the other, Stultz, was a candidate for election as commissioner (he was later elected and afterwards acted in this proceeding as a commissioner), and the term of the surveyor, who had been appointed engineer, had expired. This petition was not objected to and was granted. This was proper, and no issue was made or determined on this supplemental petition. Petitioners also filed a motion to consolidate the two proceedings relating to the respective roads described. Said motion also asked the board to determine the competency of Washington, alleging that the facts asserted as creating incompetency did not exist.

The findings show: Remonstrators renewed the challenge of the competency of Washington; that the board unanimously granted said petition; made no express order or decision as to the competency of Washington; but did receive his vote, and unanimously appoint viewers and an engineer. No other objection was made to said petition, nor to the board's action thereon.

The board, by accepting Washington's vote, either overruled the challenge of Washington, or declined to

act thereon. The record is silent. Under either circumstance, an issue was made by the challenge, and a right to present the challenge on appeal to the circuit court was created.

The findings show that in December, 1914, and within thirty days, said viewers and engineer reported. The remonstrators moved to reject the report for reason that the board had no power or right under the law to order construction with the kind of material and in the manner recommended by the viewers. The court finds that, because the commissioners. disagreed, no action was taken by the board on said report, or the objection thereto, at any meeting until that of April, 1915. That at the April meeting the report was accepted and approved; that Commissioner Stultz voted against accepting, and Commissioners Jones and Washington voted therefor. The findings show that at the May, 1915, meeting, the board, by the vote of Washington and Jones, Stultz dissenting, ordered that said roads be established and constructed without an election, and directed that the auditor advertise for bids. Whereupon this appeal was taken.

No other issues were made before the board. No other issues can be tried by the circuit court on appeal, nor presented here. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E. 871; *George* v. *Amos* (1909), 173 Ind. 599, 601, 602, 90 N. E. 606; *Fisher* v. *Blumhardt* (1914), .182 Ind. 603, 605, 107 N. E. 466.

We thus find as to the issues before the board: (1) There was an issue whether Washington was incompetent, and, if so, whether the board could act without his vote. (2) There was no objection, hence no issue before the board or court, as to the appointment of new viewers or engineer. (3) There was no objection to the motion to consolidate, and hence no issue as to this

motion, or the order thereon. (4) An issue was formed by motion to reject the report of viewers.

The questions we are now considering are raised by exceptions to the conclusions of law. Upon these issues and the facts specially found, the court stated as its first conclusion that Washington was incompetent to vote on the question of ordering the improvement without an election; but the court fails to state any conclusion as to whether it was necessary that he vote. The facts found show the necessity, and the court should have concluded that his vote was thus justified, and that so far as this is concerned the order was valid. The exception to the first conclusion should have been sustained.

The court's second conclusion was that the board was without jurisdiction to order the consolidation and construction under one contract. No issue was made or tried before the board as to this proposition. No issue, therefore, was before the circuit court. This conclusion was as to a matter not in issue, and is of no force, and the exception should have been sustained.

The court's third conclusion is that the board had no jurisdiction under the law or statutes to order the road paved in the manner and with the materials specified in the report. And the fourth conclusion was that the board had no jurisdiction to order the road improved in a manner materially different in method and material from the kind of improvement prayed for in the petition, and the order was therefore void.

The facts found upon which these two conclusions depend are: That the *petition* which prayed that a road be established from Noblesville to the Lake Erie and Western Railway asked that it be established as sixty feet in width. The other petition was that an

established road be improved. Both the petitions speci-
fied a pavement eighteen feet in width, and asked that
the pavement be of broken stone, combined and firmly
held together with a durable binder.

The *report* provided a pavement eighteen feet in
width, with a five-foot earthen strip on each side; that
the pavement be separated into concrete blocks eighteen
feet wide and not less than twenty-five feet long; that
expansion joints be provided between each two blocks,
all said joints to be filled with felt or prepared paper,
and the ends of the blocks, at the expansion joints, be
protected by metal plates. The report detailed the
treatment and proportions of screened sand, small and
large hard and durable gravel, and other hard broken
stone and of cement, and provided that each of such
blocks, over fills of a designated depth, should be rein-
forced by metal mesh, and specified the thickness of the
pavement.

In addition to the above specific findings showing dif-
ferences between the petition and the report, the court
stated as a finding of fact that: "The court finds
7. that said method of construction, the pavement
provided for, and the materials to be used as
specified in said last report of viewers and engineer are
materially, substantially and radically different from the
kind of road or pavement and methods of construction
prayed for in said original petitions, which were never
amended so as to ask for any other improvement,
method of construction or material to be used." The
quotation above, except the statement therein that the
petitions "were never amended so as to ask for any
other improvement, method of construction or material
to be used" is a mere conclusion, and of no force as a
fact.

The facts found in comparing the petition and the

report on this point show no such difference between the petition and the report as to justify the court's third and fourth conclusions of law, above stated; or, to state the matter in another way, the facts found show differences which may properly exist when in the judgment of the viewers and engineer and the board such differences are essential to a proper and durable construction of that which is petitioned for and which are within the jurisdiction of the board.

6.

The statute does not contemplate that the petitioners shall be skilled engineers, nor that the members of the board shall be skilled engineers; and therefore provides for the appointment of a skilled engineer. The petitioners describe generally what they desire and recommend. §7713 Burns 1914, Acts 1905 p. 521, §64. That part of the petition is simply a recommendation. *Hall* v. *McDonald* (1908), 171 Ind. 9, 16, 85 N. E. 707. The viewers, advised by an engineer, describe specifically what is proper and necessary in the construction of a road of the character covered by the general description in the petition. This is an engineering proposition, and practically necessary, as the report is the specification upon which bids are invited. §7717 Burns 1914, Acts 1905 p. 521, §68. It is for the board to finally accept or reject the recommendations of the viewers and engineer.

In this proceeding the petition asked that the broken stone be "combined and firmly held together with a durable binder." This court determined in *Metsker* v. *Whitsell, supra,* in speaking of the petitions and roads here in controversy, that: "It is manifest that the legislature had a purpose in view in providing for the use of *'combinations' of stone and gravel,* and it is scarcely to be doubted that such purpose was to prevent, or mitigate," disintegration, "and, in securing such result,

to permit the gravel or broken stone, or both, to be more closely united by binding with coal tar, cement, or other substance adapted to such purpose. As the statute is silent on the subject of binding material, we cannot say that the use of asphalt, for such purpose, would be unlawful, even if it were conceded that its use might entail unnecessary expense. * * * We hold that under either act, a binder may be used, to form a closer union of stone or gravel, and the question of what is the most suitable material is one for the determination of the local authorities." Such is the law of this case.

Therefore in this proceeding it was adjudicated that some kind of a binder may be ordered. To apply the language of said adjudication, "as the statute is silent on the subject of binding material, we cannot say that the use of cement and of" metal plates and triangular metal mesh "for such purpose would be unlawful." This statute provides for combinations of gravel and broken stone. The order here is within the statute. The statute contemplates, according to said decision, a binder of "cement or other substance." The order here is within the statute and the decision; and the petition requests a binder.

The statute names no criterion for determining whether cement, as a binder, shall be poured over broken stone and gravel placed on the roadbed and allowed to trickle to needed points for contact, or whether the cement, as a binder, shall be thoroughly mixed with the broken stone and gravel before the same is placed on the roadbed. The statute names no criterion for determining whether the one will construct a bound road, or the other a concrete road. The statute, for that matter, defines no difference between roads constructed by the two methods above mentioned; the statute does not say that the jurisdiction of the board to construct

a road of broken stone and gravel bound by cement shall cease and end if the board orders the cement used as specified in the report here considered. Therefore neither the circuit court nor this court can say within the statute that the road ordered is so far different from that petitioned for as to destroy jurisdiction of either the board or the court to make the order.

To advise the board is the engineer's special duty for which he is especially qualified. The duty of the board is to provide a durable pavement, and thus 8. economize for those who pay. We are not to be understood as holding that the viewers and engineer can recommend, and the board order, an entirely different character of road from that petitioned for, but we do hold that within the bounds of fair and good judgment and engineering needs, the board may, if it grants the petition, order that the road petitioned for shall be constructed after approved methods, and under the guidance of engineering and common experience. We hold that the difference between the petition, the report and the order, shown by the facts specially found, are not such as to justify conclusions Nos. 3 and 4. The exceptions thereto should have been sustained.

The court's fifth conclusion is that the board had no jurisdiction to order said road constructed under said last report, for that it was not shown, so as to enable this court to find, that the proper steps were taken to give the board jurisdiction to make such order, and therefore the circuit court has no jurisdiction to make any order for such improvements. We assume that this conclusion does not refer to a lack of showing of proper steps to give the board jurisdiction of the petition and proceedings thereunder. The petition was lawful. The three and only contestants voluntarily appeared, and have urged their resistance for over seven years, and at

their request the proceeding has been by this court and by two circuit courts remanded to the board for further proceedings.

The reference may be to steps taken before the board, or by the board, as to the last report of the viewers, alleged to recommend matters so far beyond the scope of the petition that the board's approval thereof was beyond its jurisdiction. We have found that the board had jurisdiction of the cause and the parties, and therefore on appeal the circuit court had jurisdiction. We have also determined that the character of the road ordered was within the board's jurisdiction.

The fifth conclusion may refer to lack of jurisdiction because there was no supplemental report as to damages. The court found as a fact that it does not appear from the record of the board that the viewers and engineer made a supplemental report as to claims for damages, or as to persons under disability who may be damaged by the taking of their land. §7718 Burns 1914, Acts 1905 p. 521, §69, provides in effect that the viewer's report, when filed, shall stand for ten days, and the viewers shall assess such damages; any one dissatisfied may except to the supplemental report. Section 7719, *supra,* provides that after all matters of damages have been determined, the board shall examine and act on the report as to construction. The court did not find that any claims for damages were filed, or that the land of any infants or others under disability were taken or affected adversely. The report stood without action thereon for over three months. The appellees did not object to action thereon by the board in the absence of a supplemental report as to damages. The appellees, so far as appears, filed no claims for damages. It will, under such circumstances, be presumed that no person or party was ad-

versely affected as to damages, and that there was no occasion for a supplemental report. *Metsker* v. *Whitsell, supra,* 144.

The objectors were appellants in the circuit court, and the burden rested on them to produce evidence of facts destroying the board's power to proceed—

10. an issue raised by the objectors. *Heath* v. *Sheetz* (1905), 164 Ind. 665, 668, 74 N. E. 505.

Under these circumstances the absence of a finding as to a supplemental report does not justify a conclusion that the board had no jurisdiction to proceed. The exception to the fifth conclusion should have been sustained.

The final conclusion is that the judgment of the court should be in favor of the remonstrators for their costs, and that the cause should be remanded to the board for proceedings in accord with the mandate in *Metsker* v. *Whitsell, supra,* and with the judgment of the circuit court. The direction that the board proceed according to the said mandate of this court is not material, for the reason that all proceedings must be consistent with said mandate. In view of our determination that the circuit court was in error in each of its other conclusions, the mandate that the board proceed in accord therewith was erroneous. The exception to this conclusion should have been sustained.

In view of the conclusions we have reached herein, no ruling need be made on other questions presented by appellants.

The judgment of the circuit court is reversed, and the cause remanded, with instructions that the court restate its conclusions of law in accord with this opinion, remand the cause to the board of commissioners, with mandate that the board proceed in accord with its final order, that the auditor advertise for bids under the report of the viewers and engineer. Judgment against

the remonstrators for costs of this appeal and costs of last appeal to the circuit court.

Lairy J. not participating.

Note.—Reported in 119 N. E. 865. Subsequent appeal, law of the case, 34 L. R. A. 321. See under (5) 37 Cyc 136.