EMMONS *v.* CLARK ET AL.

[No. 25,961.   Filed December 16, 1930.   Rehearing denied June 30, 1932.]

*Carlos T. McCarty,* for appellant.
*Frank E. Gilkison,* for appellees.

GEMMILL, J.—Oscar Clark and 16 others, appellees herein, petitioned the board of commissioners of Martin County for the location and establishment of a highway in Lost River Township in Martin County. Viewers were appointed and they made a favorable report as to the public utility of the proposed highway. Clarence Emmons, the appellant, filed a remonstrance stating therein that he would be damaged in the sum of about $200. Reviewers were appointed and they found that the remonstrator was not entitled to any damages. The remonstrator then appealed to the circuit court where the case was tried by a jury, which found against him. Judgment was rendered on the verdict, from which judgment this appeal was taken.

Errors are assigned as follows: (1) The court erred in overruling the appellant's motion for a new trial; (2) the trial court did not have jurisdiction of the subject-matter of the action.

It is the contention of the appellant that the court

did not have jurisdiction of the subject-matter for the reason that the proceeding was brought under §8582 Burns 1926, providing for the filing of a petition for the location, vacation or change of a public highway, when it should have been brought under §8709 Burns 1926, providing for ascertaining, describing and entering of record of a highway which had been used for more than 20 years. It appears that the petition asked that the proposed highway be established over a used and traveled road, but it did not state that it had been used for more than 20 years. No want of jurisdiction appeared on the face of the petition. The question of jurisdiction was not raised in the commissioners' court or in the circuit court.

Part of §8607 Burns 1926, Acts 1905 p. 521, is as follows: "Except as otherwise provided in this act, any person aggrieved by any decision of the board of ▆ commissioners of any county, in any proceeding in relation to highways may appeal therefrom. . . . Such appeal shall be tried *de novo*, and may be had as to any issue (tried) or that might have been tried before the county board." Nothing can be tried upon appeal from the board of commissioners in a highway matter except what was put in issue before the board; and objections to facts upon which the jurisdiction of the board depends, not apparent on the face of the record, can only be taken by appearing before the board of commissioners and making such objection at the time the petition is presented and before the appointment of viewers; and if such objections are not so presented they cannot be raised afterwards either before the board or in the circuit court on appeal. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E. 871; *George* v. *Amos* (1910), 173 Ind. 599, 90 N. E. 606; *McKaig* v. *Jordan* (1909), 172 Ind. 84, 87 N. E.

974; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 41 N. E. 371; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27. In *McKaig* v. *Jordan, supra,* which was a highway case, this court held: "If a party desires to challenge the jurisdiction of a judicial tribunal over his person or over the subject-matter of a particular case, on grounds not apparent from the face of the record, he must do so at the earliest opportunity, or his objection will be regarded as waived." The trial court had jurisdiction of the subject-matter of the action.

Three of the causes stated in the motion for a new trial are presented for consideration, as follows: (1) The court erred in permitting the defendants to introduce in evidence, over the objections of the plaintiff, defendants' Exhibit 3; (2) the verdict of the jury is not sustained by sufficient evidence; (3) the verdict of the jury is contrary to law.

Exhibit 3 was the report made by the reviewers on the question of damages. Appellant claims that this report was a nullity, for the reason that two of the reviewers were not eligible to serve as such, and that it did not constitute competent evidence. In §8607 Burns 1926, the following is provided: "Such appeal (in a highway proceeding) shall be tried de novo . . . but every report made to the board of viewers or reviewers or by any committee, body or officer under the provisions of this act shall be considered in evidence on such appeal." It did not appear on the face of the report of the reviewers that it was invalid. The validity of the report was not tested in the circuit court. In *Forsyth* v. *Wilcox, supra,* the following was said: "By the rule that the questions tried before the board are tried *de novo* in the circuit court, the inquiry of this court is necessarily limited to the questions tried in the circuit court, unless it is found that the proceed-

ings of the board were wholly void." It was not error to admit the report in evidence.

This court will not weigh the evidence in a case of this character. It is only where there is an entire lack of evidence on some material question that this court will reverse a cause for insufficiency of evidence. The evidence fully sustains the verdict. The appellant has failed to show that the verdict was contrary to law. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.