EMLEY ET AL. *v.* SCHIMMELL ET AL.

[No. 25,818.   Filed June 26, 1934.]

*Harker & Irwin* and *Paul E. Laymon,* for appellants.
*William Robison,* for appellees.

FANSLER, J.—Appellees instituted this action for the vacation of a highway, under §8582, Burns 1926, §36-201, Burns 1933, §8756, Baldwin's 1934.   Viewers were appointed, appellants filed a remonstrance, and reviewers were appointed, and the county commissioners made an order vacating the highway.   Appellants ap-

pealed to the Clinton circuit court, where the case was tried *de novo,* resulting in judgment for appellees, vacating the highway. This appeal is from that judgment.

Appellants assign as error the overruling of their motion for a new trial, and rely upon the reasons assigned in that motion: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law.

Many witnesses testified, pro and con, as to the utility of the road. But appellants predicate their claim of error solely upon the form of the report of the first viewers appointed, the form of the oath of the reviewers, and the form of the report of the reviewers.

Upon an appeal bond being filed, the auditor of the county filed a transcript of the proceedings before the board of commissioners in the circuit court, as provided by §8607, Burns 1926, §28,2502, Burns 1933, §6123, Baldwin's 1934. It is well settled that in the circuit court the cause is to be tried *de novo* upon the papers filed with the county board and certified to the circuit court, and that the only issues triable are those formed by the petition and remonstrance.

The statute provides that every report of viewers or other officers shall be considered in evidence at the trial in the circuit court. The report of the first viewers, as certified by the auditor and filed in the circuit court as the basis of the action, and filed here as part of the transcript, concludes: "We, the undersigned viewers on the above petition for vacation of highway, do hereby make the following report: That we sustain the petition for the vacation."

There was introduced in evidence, without formal identification or authentication, what purported to be the original report of the first viewers. It differs from the one above referred to in that it contains, after the language quoted above and before the signature, this

language: "And we are of the opinion that said highway would ——— be of public utility." The exhibit last referred to contains long extracts from the road law, which would have no place in a viewers' report. It is suggested in the briefs that it was made upon a printed form in which there were blanks such as indicated in the last quotation. Whether this is true or not, we must consider the report as certified by the auditor as being correct and in evidence under the statute as against the unauthenticated exhibit.

Appellants remonstrated against the report of the first viewers, which they evidently then considered as favoring the vacation of the highway. They now contend that the report, on the contrary, must be construed as against the vacation because of the language last quoted, indicating that the highway is of public utility. If it should be so construed, by remonstrating against it they succeeded in having it superseded by a reviewers' report to the effect that the highway is not of utility and should be vacated, and cannot be heard to complain.

They also complain that in the order appointing the reviewers, this language is used: "You are hereby notified that you have been appointed by the Board of Commissioners of Clinton County to review the line of a proposed vacation of a highway in said County, as hereinafter described for the purpose of assessing the damages, if any, that would be sustained by the closing of the same thru the lands of Wm. H. Schimmell and Lenna L. Irby;" and that the reviewers were sworn to impartially discharge the duties thus assigned to them. The reviewers reported that the "highway is not a public utility and we recommend that said highway be closed." Upon the above reports being presented, the commissioners ordered the road closed. Appellants made no objection to the report of the re-

viewers or to the commissioners' action thereon, but filed their bond for an appeal.

Appellants' only contention here is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, because of the technical irregularities in these reports which were in evidence. They contend that, since the statute was not strictly followed, there is no jurisdiction.

In *Lowe* v. *Ryan* (1884), 94 Ind. 450, this court said:

"In that (the circuit) court, appellant moved to set aside the report of the viewers who located the highway and reported upon the question of public utility. That motion was based upon reasons therein stated. In this, it differed from the motion made in the commissioners' court. In that motion, as we have seen, no defects in the report were pointed out, nor were any reasons assigned why the motion should be sustained, and the report rejected. The motion was so general and indefinite as to present no question to the board. The motion in the circuit court was therefore new, and presented to that court what had not been presented, nor urged, before the board of commissioners. Whatever may be, or should be, the proper practice in the circuit court, when the board of commissioners may have improperly overruled objections to reports of viewers, it is manifest that a proper practice requires that all objections to such reports should be first presented in the commissioners' court. On such a presentation, the board might sustain the motion, and thus save further errors and costs. This comports with the well settled doctrine of this court, that, in such cases, all objections not made before the board of commissioners are regarded as waived. *Green* v. *Elliott,* 86 Ind. 53; *Breitweiser* v. *Fuhrman,* 88 Ind. 28; *Rominger* v. *Simmons,* 88 Ind. 453; *Peed* v. *Brenneman,* 89 Ind. 252."

To the same effect see: *Fisher* v. *Hobbs* (1873), 42 Ind. 276; *Sowle* v. *Cosner* (1877), 56 Ind. 276; *Thayer* v. *Burger* (1885), 100 Ind. 262; *Wells* v. *Rhodes* (1888), 114 Ind. 467, 16 N. E. 830; *Fifer* v. *Ritter* (1902), 159 Ind. 8, 64 N. E. 463; *Strayer* v. *Taylor* (1904), 163 Ind.

230, 69 N. E. 145; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494; *Aetna Life Ins. Co.* v. *Jones* 1909), 173 Ind. 149, 89 N. E. 871; *George* v. *Amos* (1910), 173 Ind. 599, 90 N. E. 606; *Fisher* v. *Blumhardt* (1915), 182 Ind. 603, 107 N. E. 466; *Whitesell* v. *Metsker* (1918), 188 Ind. 1, 119 N. E. 865; *Scofield* v. *Miller* (1925), 196 Ind. 635, 149 N. E. 345.

Appellants had the benefit of a decision of the question of the utility of the road by two sets of viewers, and a jury in the circuit court. All of them decided against them on the merits, with a clear understanding of what the issues were. The error assigned here is highly technical, does not go to the merits of the controversy, and is not shown to, nor could it, affect the substantial rights of the parties.

Judgment affirmed.